■ CLAIRE P. CRISONA, Respondent, v. EASTERN PROPERTIES IMPROVEMENT CORPORATION, Appellant.— Order entered on November 30, 1966, in these proceedings supplementary to judgment, which found the defendant corporation and four of its eight directors in civil contempt for defendant's failure to turn over certain assets enumerated in a prior order served upon it and said directors, modified, on the law and on the facts, with $30 costs and disbursements to respondent as against the defendant (corporation), without costs and disbursements as against the individual directors, and matter remanded to Special Term for a hearing to determine whether any or all of the directors served were, in fact, guilty of contumacious acts, and otherwise affirmed. In view of the mere conclusory allegations contained in the moving papers and "the seriousness of an adjudication of contempt" (*James* v.

*Powell,* N. Y. L. J., Oct. 6, 1966, p. 15, col. 1), the request for a hearing contained in the affirmation in opposition to the motion to punish the four directors for contempt should have been granted. The contention of the dissent that the individual directors are in a position to make physical delivery of, and that they have access to, the property in question is not supported by the record. Concur — Stevens, J. P., Capozzoli and Rabin, JJ.; Steuer, J., dissents in the following memorandum: I dissent and agree with Special Term that there is no issue which requires a hearing. It has already been determined that the corporation is required to turn over its property to the extent needed to satisfy the judgment and the results of this appeal affirm that the corporation has been contumacious in its failure to comply with the court's directive. The individual defendants are the persons who have actual physical control of certain of this property. They assert two reasons or excuses for their failure to comply with the order: first, that they do not constitute a majority of the board of directors and cannot act without the acquiescence of the remaining members; and, second, that delivery of the property would constitute a preference under the laws of Delaware, where the corporation was incorporated. Both of these reasons are frivolous, practically to the extent of being insulting to the intelligence. Respondents are not asked to vote on whether to turn over the property. Nor is their position as directors of any significance. The order is directed against them because they are the persons who are in a position to make physical delivery. Whether they are directors or janitors would make absolutely no difference. The sole question is whether they have access to the property and are physically capable of turning it over. On these points they raise no issue whatsoever.