(September 16, 1980)

■ EDWARD KELLY, Respondent, v GEORGE SASSOWER, Appellant. EDWARD KELLY, Respondent, v GEORGE SASSOWER, Appellant. GEORGE SASSOWER, Appellant, v COUNTY CLERK OF THE COUNTY OF NEW YORK et al., Respondents.—Order of the Supreme Court, New York County, entered March 13, 1980, which granted respondent Kelly's motion to punish appellant for contempt, found appellant guilty of civil contempt, fined him $250, directed him to file an accounting, granted leave to respondent to seek a commitment order and institute removal proceedings should appellant fail to file an updated accounting and denied appellant's cross motion, unanimously affirmed, with costs and disbursements. Orders of the Supreme Court, New York County, entered October 29, 1979 and March 5, 1980, which respectively: (1) granted respondent Kelly's motion to punish appellant for contempt unless appellant complied with the court's previous order of December 9, 1977, which had directed appellant to file an accounting,

within 30 days and granted respondent Kelly leave to seek an order of commitment if appellant did not so comply and denied appellant's cross motion; and (2) granted respondent's motion to punish appellant for contempt, found appellant guilty of civil contempt, fined him $250, and granted leave to respondent Kelly to seek an ex parte order of arrest in order to produce appellant before Special Term, Part II, should appellant fail to pay his fine and to purge his contempt, unanimously affirmed, with costs and disbursements. Judgment of the Supreme Court, New York County, and entered as an order October 29, 1979, which directed that the original order dated June 29, 1979 remain in full force and effect and refused to declare the said order of June 29, 1979 as null and void, unanimously affirmed, with costs and disbursements. There is no need to recite the detailed facts tracing the history in each of these three proceedings which concern appellant's role as trustee of two trusts established in 1970 of which there were three adult beneficiaries in the first trust and three infant beneficiaries in the second trust. The first trust terminated on January 2, 1974 and the first of these proceedings was commenced on January 24, 1974 because of appellant's failure to account. It is sufficient to say that our study of the record reflects that appellant, a member of the New York Bar, has chosen to disobey the court orders directing him to account, and by reliance upon legal technicality has succeeded in weaving a complex and tortuous procedural thicket through which he has attempted to frustrate accountability. We need only add that our study of the record supports the conclusion that appellant is unwilling to submit comprehensible and detailed accountings as trustee although directed to do so by eight separate court orders dating back to 1974. Upon argument, appellant stated that he filed the required accountings. The record originally before us did not contain such documents. Respondent contended that a paper denominated an "accounting" was allegedly filed, but that it is incomprehensible and is the equivalent of no accounting at all. Appellant has now furnished this court, as directed upon oral argument, with copies of five such documents purporting to be filed accountings in this case. Two such documents, bearing county clerk's office stamps of July 31, 1974 and January 2, 1975, were before us on a previous appeal in 1976 (52 AD2d 539) in one of these proceedings concerning the first trust. As to such documents, we made the following observations: "We agree with Special Term that the 'accounting' filed is incomprehensible and unacceptable. *Inter alia,* a proper accounting should state in clear and understandable terms the nature and value of the trust corpus when received; any realized increases or decreases on principal; any income received; any disbursements and distributions to beneficiaries; any commissions paid; and the amount and location of any balance on hand. We are at a loss to understand why a proper accounting has not been filed, and a distribution made in accordance with the terms of the trust agreement. It may be that removal proceedings should be considered if there is a continued refusal to account as to the July 25, 1970 trust (EPTL 7-2.6, subd [a], par [2])." The other three documents, two bearing county clerk's office stamps of July 20, 1976 and March 26, 1979, respectively, and the other without any such stamp, simply dated November 23, 1976, fail to meet the objections stated by this court four years ago. The documents, whether read individually or cumulatively, are still "incomprehensible and unacceptable." They fail to treat the corpus of each trust separately and fail to provide sufficiently detailed explanatory notes illuminating the status of the corpus of each of the trusts, particularly two mortgages which apparently have been or are in the process of being foreclosed. (Cf. SCPA, Official Form No.

13.) Accordingly, we affirm each of the orders and judgment below. Concur—Murphy, P. J., Birns, Sandler and Sullivan, JJ.; Kupferman, J., concurs in the affirmance.