■ In the Matter of STUART R. ROSS, Respondent, v SHERWOOD DIVERSIFIED SERVICES, INC., et al., Appellants. — In a proceeding to obtain inspection of corporate records, the appeal is from an order of the Supreme Court, Westchester County (Dickinson, J.), dated August 13, 1980, which granted petitioner's motion to hold appellants in contempt of court and directed a hearing on the issue of damages. Order reversed, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. The record before this court fails to indicate whether appellants were found to have committed a civil or criminal contempt, and at the new hearing which must be conducted, the course being pursued should be clearly delineated. A finding of civil contempt is not supportable on this record because there is no finding that appellants' actions were calculated to or actually did defeat, impair, impede or prejudice petitioner's rights or remedies. At a new hearing this question should be fully explored. If a criminal contempt was involved, the finding could not be upheld because of the limited scope of the hearing conducted. Appellants must be given a broader scope than that afforded to show the factors involved as they bear on their refusal to comply with the lawful order to allow inspection of corporate records. A finding of contempt may be supportable only after a full development of all relevant facts and after proper findings of fact are made. Therefore, a new hearing is required. Damiani, J. P., Mangano, Gulotta and Niehoff, JJ., concur.