■ THEODORE POWELL, Plaintiff, v JED CLAUSS, Appellant. WILLIAM SIRIGNANO, as Receiver, Respondent. — In an action, *inter alia,* for a declaratory judgment to determine the ownership of a publishing house, defendant appeals from an order of the Supreme Court, Westchester County (Leggett, J.), entered September 9, 1982, which, upon the respondent receiver's motion to punish him for contempt of a prior order of the same court, adjudged him in contempt and permitted him to purge himself thereof by, *inter alia,* rendering an account. Order reversed, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. The record before this court fails to indicate whether defendant was adjudged guilty of civil or criminal contempt, and at the hearing which must be conducted, the course being pursued must be made clear. Adjudging defendant to be in criminal contempt is not warranted on this record, as there is no finding that the alleged disobedience of the prior order of the court was willful, and similarly an adjudication of civil contempt is not warranted because there is no finding that defendant's actions were calculated to or actually did defeat, impair or prejudice the rights and remedies of the plaintiff (see *Matter of Ross v Sherwood Diversified Servs.,* 88 AD2d 936). Also, defendant denied that he had failed to turn over any assets of Queens House, as was alleged by the receiver. Questions of fact were raised on that and other issues that could not be resolved without a hearing (see *Crisona v Eastern Props. Improvement Corp.,*

27 AD2d 717, 717-718; *Kamen v Kamen,* 13 AD2d 985). Gibbons, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.