■ In the Matter of the Estate of JOSEPH DRIMMER, Deceased. BERNARD DRIMMER, Respondent; ELSIE HINKKANEN, Appellant. — Appeals from (1) an order of the Surrogate's Court, Kings County (Bloom, S.), dated September 15, 1982, which, in denying an application to punish Elsie Hinkkanen, for contempt of court for failing to file an accounting as testamentary trustee of a fund created under the will of Joseph Drimmer, did so without prejudice to renewal upon proof of personal service upon her and, upon the court's own motion, fined her $5,000 in the event she did not render her account to the court within 30 days after service upon her of a copy of the order, and (2) a further order of the same court (Pizzuto, J.), dated January 4, 1983, which denied Hinkkanen's

motion for reargument. Appeal from the order dated January 4, 1983, dismissed. No appeal lies from an order denying reargument. Order dated September 15, 1982, reversed and matter remitted to the Surrogate's Court, Kings County, for further proceedings consistent herewith. Respondent is awarded one bill of costs payable by appellant Elsie Hinkkanen, personally. In a proceeding commenced in July, 1981 respondent, a contingent remainder-man under a trust, sought an order to compel appellant to account. During the pendency of the proceeding, appellant filed a statement admitting service of the citation and petition and authorizing her attorney, Nathan Grossman, to appear on her behalf. Appellant subsequently refused to allow Grossman to reveal her address. The Surrogate rendered his decision on July 22, 1981, granting respondent's application to compel appellant to account within 90 days after service of a copy of the order which was entered on September 16, 1981. A copy of the order with notice of entry was served on appellant's attorney. Subsequently, respondent made an application to resettle the order to permit service, by certified mail, upon appellant at her last known address. In his affidavit in support, respondent's attorney set forth his efforts to locate appellant. That application was granted and the resettled order, entered on January 25, 1982, was served upon appellant by certified mail, return receipt requested, and upon her attorney by regular mail. The copy mailed to appellant was returned to respondent bearing the notation "Moved, not forwardable". The copy to her attorney was not returned. Thereafter, by order to show cause dated July 19, 1982, respondent sought to punish appellant for contempt of court because of her failure to file an account. Service was made upon her attorney by regular mail. In opposition, appellant's attorney contended that personal service of the order to account upon appellant was a condition precedent to a contempt motion and that personal service of the order to show cause was also required. While the Surrogate refused to hold appellant in contempt without proof of personal service of the order to account and the order to show cause, he did remove appellant as trustee and purported to fine her $5,000 in the event that she did not render her account within 30 days of service of a copy of the order entered upon that decision. We agree that appellant was properly removed without notice upon her failure to notify the court of a change of address (SCPA 711, subd 6), but the $5,000 fine cannot stand. The record before us fails to indicate whether appellant was to be punished for civil or criminal contempt, and at the hearing which must be conducted, the course being pursued should be made clear (*Powell v Clauss*, 93 AD2d 883; *Matter of Ross v Sherwood Diversified Servs.*, 88 AD2d 936). In the event that civil contempt is chosen, the usual path in matters of this type (*Matter of Cinquemani*, 96 Misc 2d 531), the Surrogate will have to find, as a fact, that appellant's actions "were calculated to or actually did defeat, impair or prejudice the rights and remedies of the" respondent (*Powell v Clauss, supra,* p 883), and any fine, which must be made payable to the respondent, must be limited to either (1) the actual loss or injury produced by reason of appellant's misconduct, or (2) $250, plus legal costs and expenses, in the event there has been no actual damage (Judiciary Law, §§ 753, 773; *State of New York v Unique Ideas,* 44 NY2d 345; *Harwood Dimension & Mouldings v Consolidated Edison Co.,* 77 AD2d 644, 645, app dsmd 51 NY2d 1008). Should criminal contempt be the avenue chosen, the Surrogate will have to find that the disobedience of the order was willful (*Powell v Clauss, supra*) and the fine will be limited to $250 (Judiciary Law, §§ 750, 751). Of course, should the Surrogate find that the same act should be punished as both a criminal and a civil contempt (see *Matter of McCormick v Axelrod,* 59 NY2d 574, 583) that, too, should be made clear. We find no merit to appellant's contention that personal service of the order to account and the order to show cause constitute

a condition precedent to a contempt proceeding. Inasmuch as appellant was a delinquent fiduciary, personal service of the order sought to be enforced was appropriately dispensed with (SCPA 607, subd 2) and the order to show cause why she should not be punished for contempt was properly served upon her attorney (SCPA 607, subd 4; see 10 Cox-Arenson-Medina, NY Civ Prac, par 607.02; cf. *Matter of McCormick v Axelrod, supra,* p 583). Moreover, service could have been made on the clerk of the Surrogate's Court as her statutory agent (SCPA 708, subd 1; 308, subd 4; see 10A Cox-Arenson-Medina, NY Civ Prac, par 708.02). We do not find that the informal accounting, annexed to the affirmation of appellant's attorney, in opposition to the application to punish appellant for contempt, constitutes sufficient compliance with the direction to account. Such a one-page summary for a trust which existed for some 20 years, hardly fulfills the statutory requisites (*Kelly v Sassower,* 78 AD2d 502; cf. *Solomon v Reich,* 84 AD2d 812). While it appears that appellant may have subsequently filed a more formal accounting, sanctions for contempt may still be appropriate (see *Matter of Cinquemani,* 96 Misc 2d 531, *supra*). Finally, in the circumstances of this case, we deem it appropriate to award costs to the nonprevailing party and against the appellant personally (CPLR 8107, 8110; *Camarella v East Irondequoit Cent. School Bd.,* 34 NY2d 139, 141-142). Titone, J. P., Lazer, O'Connor and Boyers, JJ., concur.