■ JC MANUFACTURING CORP., Respondent, v NPI ELECTRIC, INC., Appellant.

To obtain a contempt order, the moving party must show that the party charged has violated a clear and unequivocal court order and that the violation prejudiced a right of a party to the litigation (see, Matter of McCormick v Axelrod, 59 NY2d 574, amended on other grounds 60 NY2d 652; Matter of Fishel v New York State Div. of Hous. & Community Renewal, 172 AD2d 835). We agree with the defendant's contention that the Supreme Court improvidently exercised its discretion in holding it in contempt.

The order dated October 19, 1988, alleged to be violated, inter alia, required the defendant to return to the plaintiff some $400,000 worth of machinery and equipment then in the defendant's possession pursuant to the parties' secured loan agreement. The plaintiff clearly demonstrated that the defendant violated the order. However, due to the quantity of the machinery involved and the parties' allegations and denials of missing and damaged equipment, the record was insufficient to discern the extent of the violation and the matter was therefore referred to a referee. We find that, for the same reason, the record was inadequate to support a finding that the violation caused prejudice to the plaintiff. We therefore delete the finding of contempt and refer the issue of prejudice to the referee, to hear and report, along with the other issues specified in the order of referral. Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.