◼ In the Matter of ILENE L. FLAUM et al., as Coadministrators of the Estate of BERNARD P. BIRNBAUM, Deceased, Respondents, v VICTORIA BIRNBAUM, as Executrix of SAUL I. BIRNBAUM, Deceased, Appellant. [594 NYS2d 247] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered February 13, 1992, which, *inter alia,* revoked the Letters Testamentary previously issued to the appellant and directed the issuance of Letters Testamentary to Thomas Puccio, as successor Executor of the Estate of Saul I. Birnbaum, deceased, unanimously affirmed, without costs.

The Surrogate's Court did not abuse its discretion nor its statutory authority in removing the appellant as Executrix of her late husband's estate, without first conducting an evidentiary hearing, where, as here, the appellant refused to obey a specific direction of the Surrogate at a court-ordered deposition to provide her correct domiciliary address for the service of process as mandated by SCPA 708, after repeated efforts by the petitioners to serve her with process at the office address improperly listed in the probate papers proved futile and where the record before the Surrogate indicated that the appellant had improperly commingled funds of the Estate with her own, improperly given a preference to her own

claims over that of other judgment creditors of the Estate and had not furthered the administration of the Estate during her tenure as Executrix. SCPA 711 and 719 specifically grant the Surrogate the power to suspend, modify or revoke fiduciary letters, without the necessity of a hearing, where, *inter alia* the fiduciary has wilfully refused or without good cause neglected to obey any lawful direction of the court (SCPA 711 [3]), intentionally evaded service of process (SCPA 719 [2]), or where the fiduciary has failed to supply information concerning assets or affairs of the Estate as directed by the court (SCPA 719 [3]; *see, Matter of Paladino,* 135 AD2d 541, *lv denied* 71 NY2d 805; *Matter of Drimmer,* 97 AD2d 792, 793).

We have reviewed the appellant's remaining claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Asch and Rubin, JJ.