■ THOMAS TROIANO, Appellant, v ALFONSO A. ILARIA, Respondent, et al., Defendants. [614 NYS2d 916] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), entered November 13, 1992, which, after a hearing, denied his motion to punish the defendant Alfonso A. Ilaria for civil and criminal contempt.

Ordered that the order is affirmed, with costs.

To succeed on a motion to punish for civil contempt, the moving party must show that the alleged contemnor has violated a clear and unequivocal court order and that the violation prejudiced a right of a party to the litigation *(see, McCain v Dinkins,* 84 NY2d 216; *JC Mfg. Corp. v NPI Elec.,* 179 AD2d 721; Judiciary Law § 753 [A] [3]). While the plaintiff's claim that the respondent disobeyed the temporary restraining order finds support in the record, the plaintiff has failed to demonstrate how the infractions complained of compromised his rights *(see, City of Poughkeepsie v Hetey,* 121 AD2d 496; *Powell v Clauss,* 93 AD2d 883). Accordingly, the Supreme Court properly exercised its discretion in denying

the branch of the plaintiff's motion which was to punish the respondent for civil contempt.

Moreover, the record does not indicate that the respondent's conduct in disobeying the order rose to the level of willfulness which would support a finding of criminal contempt *(see, Matter of McCormick v Axelrod,* 59 NY2d 574, 583; Judiciary Law § 750 [A] [3]). O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.