■ New York City Coalition to End Lead Poisoning et al., Appellants, Helen Walker et al., Intervenors-Appellants, and Rosemary Mitchell et al., Proposed Intervenors-Appellants, v Edward Koch, as Mayor of the City of New York, et al., Respondents. [629 NYS2d 17] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on March 14, 1994, which, *inter alia*, denied plaintiffs' motion for partial summary judgment, and denied intervenor-appellant's motion to intervene as a party plaintiff, unanimously modified, on the law, to the extent of granting the motion to intervene, and otherwise affirmed, without costs.

This action seeks to compel defendant-respondent New York City Housing and Preservation Department (HPD) to promulgate and enforce written policies and procedures to carry out its duties under section 27-2013 (h) of the Administrative Code of the City of New York, which contains five paragraphs directing HPD to take steps to alleviate the danger of children being exposed to lead-based paint in multiple dwelling housing in the City of New York. This action has been pending for nine years, and has twice previously been before this Court.

We previously affirmed determinations that the matter is justiciable and that the regulations and procedures promulgated by HPD are inadequate to carry out the mandate of the local law. We affirmed the issuance of a preliminary injunction directing HPD to comport its regulations with the requirements of subdivision (h), and also affirmed the denial of

plaintiffs' motion for partial summary judgment. *(See, New York City Coalition to End Lead Poisoning v Koch,* 138 Misc 2d 188, *affd on opn below* 139 AD2d 404; *New York City Coalition to End Lead Poisoning v Koch,* Sup Ct, NY County, Aug. 2, 1990, DeGrasse, J., *affd on opn below* 170 AD2d 419.)

At the outset on this appeal, we reverse the denial of the proposed intervenors' motion to intervene, and grant the motion. It is clear that the IAS Court, which dismissed the intervention motion as moot, misapprehended the effect of the stipulation between the proposed intervening plaintiffs and the Attorney-General, and did not include the municipal defendants. The intervention motion should be granted to permit the intervening plaintiffs to assert the new claims against the Department of Health and the City and State Departments of Social Services.

The motion for partial summary judgment, although properly presented and not a successive motion for the same relief on the same submissions, was properly denied, contempt proceedings under Judiciary Law § 753 against HPD for its noncompliance with the directives of the preliminary injunction being the appropriate procedure on this record *(see, Matter of McCormick v Axelrod,* 59 NY2d 574, *amended* 60 NY2d 652).

The record contains convincing proof of the deleterious health consequences of the exposure of children to lead from peeling paint. The City Council recognized this danger and enacted a comprehensive statute that places mandatory duties on several municipal agencies. Those agencies have failed to fulfill that mandate in numerous respects in direct violation of a lawful order of the Supreme Court. Contempt proceedings are the appropriate means to compel these agencies to comply with the injunction. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Mazzarelli, JJ.