■ In the Matter of ELIAS RAMIREZ et al., Appellants, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [631 NYS2d 740] —In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to "restrain, prevent, enjoin, abate, correct and remove" violations of the New York State Sanitary Code, the petitioners appeal from an order of the Supreme Court, Orange County (Carey, J.), dated December 17, 1993, which denied their motion to hold the respondent Orange County Department of Health in contempt of court for its failure to comply with that portion of the stipulation of discontinuance dated February 8, 1990, which directed it "to deny permits and/or impose Public Health Law Section 1330 penalties upon those [migrant labor camp] operators who are operating an unpermitted [migrant labor camp] or [migrant labor camp] with a public health hazard or other violation."

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

To succeed on a motion to punish for civil contempt, the moving party must show that the alleged contemnor has, with

knowledge of its existence, violated a clear and unequivocal court order and that the violation prejudiced a right of a party to the litigation *(see, McCain v Dinkins,* 84 NY2d 216; *Troiano v Ilaria,* 205 AD2d 752; *JC Mfg. Corp. v NPI Elec.,* 179 AD2d 721; Judiciary Law § 753 [A] [3]). Inasmuch as the petitioners failed to demonstrate how the infractions complained of prejudiced their rights, the Supreme Court properly denied their motion to punish the respondent Orange County Department of Health for civil contempt. Balletta, J. P., O'Brien, and Joy, JJ., concur.

Santucci, J., dissents and votes to reverse the order appealed from and hold the respondent Orange County Department of Health in contempt of court in the following memorandum, with which Goldstein, J., concurs. I respectfully dissent and conclude that the respondent Orange County Department of Health is in contempt of court.

Judiciary Law § 753, entitled "Power of courts to punish for civil contempts" states, in pertinent part, as follows: "A court * * * has power to punish * * * a neglect or violation of duty * * * by which a right or remedy of a party to a civil action * * * may be * * * impaired, impeded, or prejudiced". Contrary to the opinion of my colleagues in the majority, I find that the record in this matter does demonstrate the requisite element of prejudice to the appellants.

It is undisputed that on February 8, 1990, the CPLR article 78 proceeding brought on behalf of four farmworkers against the respondents was settled by the entry of a stipulation of discontinuance and consent decree. This stipulation, which was so ordered by the court, stated, *inter alia,* that the respondent Orange County Department of Health (hereinafter OCDH) agreed "to deny permits and/or impose Public Health Law 1330 penalties upon those MLC [migrant labor camp] operators who are operating an unpermitted MLC, or MLC with a public health hazard or other violation". However, following the execution of this decree, OCDH continued to grant permits and rarely imposed Public Health Law § 1330 penalties upon MLC operators, despite the fact that inspections by OCDH of the various camps revealed the existence of hundreds of health code violations. Among these violations were such serious infractions as contaminated drinking water, improper drainage, and unsanitary kitchen and toilet facilities.

It is axiomatic that the existence of these health code violations negatively impacted upon those farmworkers, including the petitioners, who were temporarily housed at the camps *(see generally, New York City Coalition to End Lead Poisoning v*

*Koch,* 216 AD2d 219). Therefore, the failure of OCDH to abide by the consent decree, which was intended to force the operators of MLCs into compliance with the Public Health Law, impeded the very remedy that was to be afforded the petitioners under the decree *(see, Matter of McCormick v Axelrod,* 59 NY2d 574, 587; *McCain v Dinkins,* 84 NY2d 216). Moreover, since the petitioners surrendered their right to pursue the contempt proceeding in exchange for the decree, the failure of the OCDH to implement the terms of that decree clearly operated to the petitioners' prejudice *(see,* Judiciary Law § 753).

Accordingly, I would vote to reverse the order of the Supreme Court and hold the OCDH in contempt of the February 8, 1990, consent decree.