(October 16, 1995)

■ BAY PARKWAY SUPER CLEAN CAR WASH, INC., et al., Appellants, v ACCURATE AUTO REPAIR, INC., et al., Respondents.

[633 NYS2d 962] —In an action, *inter alia*, to permanently enjoin the defendants from interfering with the plaintiffs' business, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated April 29, 1994, as denied the branch of their motion which was to vacate that portion of an order of the same court, dated March 24, 1994, which granted the defendants' motion to hold the plaintiff Anthony Boumoussa in civil contempt for failure to comply with a prior order of the same court, dated October 20, 1993.

Ordered that the appeal by the plaintiff Bay Parkway Super Clean Car Wash, Inc., is dismissed, as that plaintiff is not aggrieved by the portion of the order appealed from (*see*, CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff Anthony Boumoussa, on the law, that branch of the plaintiffs' motion which was to vacate that portion of the order dated March 24, 1994, which granted the defendants' motion to hold the plaintiff Anthony Boumoussa in civil contempt is granted, the defendants' motion to hold the plaintiff Anthony Boumoussa in civil contempt is denied, and that portion of the order dated March 24, 1994, which granted the defendants' motion to hold the plaintiff Anthony Boumoussa in civil contempt is vacated; and it is further,

Ordered that the plaintiff Anthony Boumoussa is awarded one bill of costs.

To sustain a finding of civil contempt based upon a violation of a court order, it must appear with reasonable certainty that the party charged has violated a clear and unequivocal mandate and that the conduct impaired or prejudiced the rights of a party to the litigation (*see, Matter of McCormick v Axelrod*, 59 NY2d 574, 583, *amended on other grounds* 60 NY2d 652; *JC Mfg. Corp. v NPI Elec.*, 179 AD2d 721, 722; *City of Poughkeepsie v Hetey*, 121 AD2d 496, 497). The defendants failed to demonstrate that the plaintiff Anthony Boumoussa violated a prior court order or that their rights were in any manner impaired or prejudiced. Consequently, the Supreme Court erred in refusing to vacate the finding of contempt. Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.