■ MICHELE LAURENTIUS, Appellant, v LARRY T. LAURENTIUS, Respondent. [657 NYS2d 328] —In a matrimonial action in which the parties were divorced by a judgment dated October 14, 1993, the plaintiff former wife appeals from an order of the Supreme Court, Rockland County (Meehan, J.), dated March 4, 1996, which denied her motion, *inter alia,* to hold the defendant in contempt of court.

Ordered that the order is affirmed, with costs.

To succeed on a motion to punish for civil contempt, the moving party must show that the alleged contemnor has violated a clear and unequivocal court order and that the violation prejudiced a right of the party to the litigation (*see, Troiano v Ilaria,* 205 AD2d 752; Judiciary Law § 753 [A] [3]). The plaintiff contends, among other things, that the court erred by denying her motion to hold the defendant in contempt for failing to abide by a prior order of the court which increased her maintenance payments and directed the defendant to give her "an opportunity to examine the [husband's] books and records and those of his business". The plaintiff also contends that the defendant violated another order which had directed him to place approximately $15,000 into an escrow account. We disagree.

The court ordered the increased maintenance upon the belief that certain marital assets had been sold, an occurrence which was to trigger the increase in maintenance. In a subsequent order the court correctly found that the assets in question had not been sold, but that the defendant merely redeemed them from the trustee following the plaintiff's declaration of bankruptcy. Recognizing its error, the court decreased the defendant's maintenance obligation. Also, the approximately $15,000 which was to be placed in the escrow account was to be used to

pay expenses associated with the assets and their sale, such as mortgage payments, etc., and the court correctly found that the plaintiff no longer had any interest in that money or the escrow account because her discharge in bankruptcy relieved her of the expenses associated with the marital assets. We also note that the court's prior order merely required that the defendant make his financial records available to the plaintiff, not that he deliver them to her. There is no evidence in the record that the defendant has failed to make these records available.

Under the circumstances of this case, the plaintiff failed to demonstrate that any of her rights have been prejudiced by any action of the defendant. Accordingly, she is not entitled to a finding of contempt against him.

The plaintiff's remaining contentions are without merit. Thompson, J. P., Pizzuto, Joy and Luciano, JJ., concur.