■ GREG SPEIRS, Respondent, v MARTIN LEFFER, Individually and Doing Business as NOT FADE AWAY GRAPHICS, et al., Appellants. [668 NYS2d 47] —In an action for a permanent injunction to enjoin the defendants from, *inter alia,* manufacturing and marketing certain shirts, the defendants appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered February 25, 1997, which granted the plaintiff's motion to hold them in civil contempt for violating a preliminary injunction of the same court, dated July 26, 1996, and directed a hearing and accounting on the issue of damages, if any.

Ordered that the order is modified, by deleting the provision thereof which granted that branch of the plaintiff's motion which was for a hearing and an accounting on the issue of damages and substituting therefor a provision denying that branch of the plaintiff's motion, and adding a provision thereto imposing the maximum fine under Judiciary Law § 773 of $250 plus costs and expenses; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the amount of costs and expenses to be awarded.

It is well settled that to obtain an order of civil contempt, it must be shown that the party violated a clear and unequivocal court order, and that the violation prejudiced a right of a party to the litigation (*see, McCain v Dinkins,* 84 NY2d 216; *Matter of McCormick v Axelrod,* 59 NY2d 574; *Matter of Ramirez v New York State Dept. of Health,* 219 AD2d 724). The record

fully supports a finding that the appellants violated a preliminary injunction dated July 26, 1996, and that the violation impaired, impeded, or prejudiced the plaintiff's rights. Accordingly, it was proper to grant the plaintiff's motion to hold the appellants in civil contempt (*see, Troiano v Ilaria,* 205 AD2d 752; *Powell v Clauss,* 93 AD2d 883).

However, the provision directing a hearing and an accounting on the issue of damages was improper. The damage caused by the violation was chiefly to the good will and reputation of the plaintiff. He failed to demonstrate the existence of an issue with respect to loss of business that would entitle him to a hearing (*see, Electrolux Corp. v Val-Worth, Inc.,* 6 NY2d 556). However, since there was a proper finding of contempt, the plaintiff is entitled to the maximum fine permitted by statute of $250 plus costs and expenses (*see,* Judiciary Law § 773).

The defendants' remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.