■ In the Matter of CBS RUBBISH REMOVAL, INC., Respondent, v TOWN OF BABYLON SANITATION COMMISSION et al., Appellants. [671 NYS2d 354] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Babylon Sanitation Commission dated June 6, 1996, which denied the petitioner's application for a license to collect recyclables, the Town of Babylon Sanitation Commission and the Town of Babylon appeal from an order of the Supreme Court, Suffolk County (Mullen, J.), dated April 8, 1997, which denied their motion pursuant to Judiciary Law article 19 for an order punishing the petitioner, CBS Rubbish Removal, Inc., for civil and criminal contempt.

Ordered that the order is affirmed, with costs.

To succeed on a motion to punish for civil contempt, the moving party must show that the alleged contemnor violated a clear and unequivocal court order and that the violation prejudiced a right of a party to the litigation (*see, McCain v Dinkins,* 84 NY2d 216; *Troiano v Ilaria,* 205 AD2d 752; *JC Mfg. Corp. v NPI Elec.,* 179 AD2d 721; Judiciary Law § 753 [A] [3]). Inasmuch as the appellants failed to demonstrate how the conduct complained of compromised their rights, the Supreme Court properly denied that branch of the motion which was to punish the petitioner, CBS Rubbish Removal, Inc. (hereinafter CBS), for civil contempt.

To be found guilty of criminal contempt, the contemnor must be shown to have violated an order with a higher degree of willfulness than is required in a civil contempt proceeding (*see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233, 240; *Matter of McCormick v Axelrod,* 59 NY2d 574, 583). To determine whether there was a willful violation, the contemnor's conduct must be examined in

light of the terms of the order as " '[g]uilt arises only where the authority of the court is flouted' " (*Matter of Spector v Allen*, 281 NY 251, 260; *see also, Matter of Department of Envtl. Protection v Department of Envtl. Conservation, supra,* at 241). Here, a review of the record indicates that CBS did not willfully violate the court's order and instead, took appropriate actions to begin the cessation of operations in a timely fashion. Accordingly, the court properly denied that branch of the motion which was to punish CBS for criminal contempt. Thompson, J. P., Pizzuto, Krausman and Florio, JJ., concur.