■ GINO L. GIORGINI III, Respondent, v JON GOLDFIELD et al., Appellants. [803 NYS2d 155]—In an action, inter alia, to recover damages for fraud and conversion of certain insurance commissions, the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated March 8, 2004, which denied their motion to adjudicate the plaintiff in civil and criminal contempt.

Ordered that the order is affirmed, with costs.

To succeed on a motion to punish for civil contempt, the moving party must show that the alleged contemnor violated a clear and unequivocal court order and that the violation prejudiced a right of a party to the litigation (*see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216 [1994]; *Matter of McCormick v Axelrod*, 59 NY2d 574 [1983]; *Matter of CBS Rubbish Removal v Town of Babylon Sanitation Commn.*, 249 AD2d 541 [1998]). The imposition of punishment for criminal contempt similarly requires a showing that the alleged contemnor violated a clear and unequivocal court order (*see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]; *Matter of McCormick v Axelrod, supra; CBS Rubbish Removal v Town of Babylon Sanitation Commn., supra*). Inasmuch as the defendants failed to demonstrate that the plaintiff violated a prior order of the court, the Supreme Court properly denied the defendants' motion to adjudicate the plaintiff in civil and criminal contempt.

The defendants' remaining contentions are without merit. S. Miller, J.P., Krausman, Goldstein and Covello, JJ., concur.