■ CHERYL TIHANYI, Respondent, v SCOTT GRIMANDO, Appellant. [830 NYS2d 718]—

In an action to recover damages for violation of Civil Rights Law § 50, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated May 5, 2006, as, after a hearing, granted that branch of the plaintiff's motion which was to adjudge him in contempt of court for his disobedience of a preliminary injunction in a prior order of the court dated June 21, 2005.

Ordered that the order is affirmed insofar as appealed from, with costs.

By order dated June 21, 2005, inter alia, the defendant was preliminarily enjoined from displaying, posting, offering for sale, or otherwise using or exploiting any images, photographs,

or likenesses of the plaintiff. The plaintiff thereafter moved, inter alia, to hold the defendant in contempt of court for violating the preliminary injunction. After a hearing, the Supreme Court adjudged the defendant to be in contempt of court. We affirm.

Judiciary Law § 753 grants a court the power to hold a party in civil contempt for failing to obey a lawful mandate of the court (*see Gordon v Janover,* 121 AD2d 599, 600 [1986]). To sustain a finding of civil contempt based upon a violation of a court order, "it must appear with reasonable certainty that the party charged has violated a clear and unequivocal mandate" (*Bay Parkway Super Clean Car Wash v Accurate Auto Repair,* 220 AD2d 549, 550 [1995]; *see Matter of McCormick v Axelrod,* 59 NY2d 574, 583 [1983]). Contrary to the defendant's contention, based upon the evidence presented at the hearing, it "appear[ed] with a reasonable certainty" (*Bay Parkway Super Clean Car Wash v Accurate Auto Repair, supra* at 550) that the defendant violated the preliminary injunction by exhibiting in an art gallery, and offering for sale, an oil painting in which he used and exploited a photograph, image, or likeness of the plaintiff.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to hold the defendant in contempt of court for violating the preliminary injunction.

The defendant's remaining contentions are without merit. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.