■ STEVEN GIANO, Appellant, v JOHN IOANNOU, Respondent. [835 NYS2d 915]—In an action, inter alia, for an accounting, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated July 11, 2006, which denied his motion to hold the defendant in civil contempt for failure to comply with an order of the same court dated October 24, 2005.

Ordered that the order is affirmed, without costs or disbursements.

To succeed on a motion to punish for civil contempt, the moving party must show that the alleged contemnor violated a clear and unequivocal court order and that the violation prejudiced a right of a party to the litigation (*see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216 [1994]; *Matter of McCormick v Axelrod*, 59 NY2d 574 [1983]; *Matter of CBS Rubbish Removal v Town of Babylon Sanitation Commn.*, 249 AD2d 541 [1998]). Inasmuch as the plaintiff failed to demonstrate how the conduct complained of compromised his rights, the Supreme Court properly denied the plaintiff's motion to hold the defendant in civil contempt for failure to comply with an order dated October 24, 2005 (*see Matter of CBS Rubbish Removal v Town of Babylon Sanitation Commn., supra; Bay Parkway Super Clean Car Wash v Accurate Auto Repair*, 220 AD2d 549, 550 [1995]; *JC Mfg. Corp. v NPI Elec.*, 179 AD2d 721, 722 [1992]). Schmidt, J.P., Florio, Skelos and Lifson, JJ., concur.