■ RIVERSIDE CAPITAL ADVISERS, INC., Plaintiff, and WINCHESTER GLOBAL TRUST COMPANY LIMITED, Respondent, v FIRST SECURED CAPITAL CORPORATION et al., Appellants, et al.,

Defendants. THOMAS B. DONOVAN et al., Nonparty Appellants.
[842 NYS2d 491]—

In an action, inter alia, to recover damages for breach of a loan agreement, the defendant First Secured Capital Corporation, the defendant Thomas B. Donovan Family Trust, and the nonparties Thomas B. Donovan and Pamela Donovan separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered March 10, 2006, as (a) granted that branch of the motion of the plaintiff Winchester Global Trust Company Limited, as trustee of the Factored Receivables Trust, as successor in interest to Highlands Financial Services, Inc., which was to confirm so much of a report of the same court dated October 3, 2005 (Franco, J.H.O), as, after a hearing, recommended holding them in civil contempt for their violation of two prior court orders dated May 24, 2004 and May 25, 2004, respectively, (b) held them in contempt of court, (c) fined each of them the sum of $250, and (d) awarded costs and an attorney's fee to the plaintiff Winchester Global Trust Company Limited, as trustee of the Factored Receivables Trust, as successor in interest to Highlands Financial Services, Inc.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with the contempt violated a clear and unequivocal mandate of the court, thereby prejudicing a right of another party to the litigation (see Judiciary Law § 753 [A] [3]; McCain v Dinkins, 84 NY2d 216, 226 [1994]; Gloveman Realty Corp. v Jefferys, 29 AD3d 858, 859 [2006]; Goldsmith v Goldsmith, 261 AD2d 576, 577 [1999]). The movant bears the burden of proving the contempt by clear and convincing evidence (see Riverside Capital Advisors, Inc. v First Secured Capital Corp., 28 AD3d 455, 456 [2006]; Vujovic v Vujovic, 16 AD3d 490, 491 [2005]).

Contrary to the appellants' contentions, the plaintiff Winchester Global Trust Company Limited, as trustee of the Factored Receivables Trust, as successor in interest to Highlands Financial Services, Inc. (hereinafter the plaintiff) met its burden by proving, by clear and convincing evidence, that the appellants violated a lawful and unequivocal court mandate, to wit, an explicit directive contained in two prior court orders dated May 24, 2004 and May 25, 2004, respectively, of which they had

knowledge and, in so doing, prejudiced the plaintiff's rights. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to hold the appellants in contempt of court for violating the court's prior orders.

The appellants' remaining contentions are without merit. Rivera, J.P., Goldstein, Skelos and Balkin, JJ., concur.