■ In the Matter of MARION DIGNEY PEER, Respondent, Pursuant to Article 81 of the Mental Hygiene Law for the Appointment of a Guardian of the Person and Property of BERYL R.D., an Alleged Incapacitated Person. KEVIN A. DIGNEY, Appellant. [856 NYS2d 385]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered May 30, 2007. The order committed cross-petitioner to a correctional facility for a term of 90 days.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, that part of petitioner's motion to hold cross-petitioner in contempt is denied, cross-petitioner's application is granted and the remainder of the proceeding is transferred to Surrogate's Court, Onondaga County.

Memorandum: Petitioner commenced this proceeding pursuant to article 81 of the Mental Hygiene Law seeking appointment of a guardian of the person and property of her mother, an alleged incapacitated person (AIP), and cross-petitioner, the AIP's son, moved to dismiss the petition and to continue to allow him to act as his mother's guardian and to allow his mother to continue to reside with him. The parties entered into a settlement agreement pursuant to which a third party was appointed as guardian for the AIP. The guardian raised issues concerning the propriety of certain transfers of property that were made by the AIP to cross-petitioner, and petitioner moved, inter alia, to hold cross-petitioner in contempt. Supreme Court, sua sponte, directed the guardian to retain an accounting firm to conduct an audit of certain financial accounts. Thereafter, the AIP died.

We agree with cross-petitioner that the court abused its discretion in granting that part of petitioner's motion to hold cross-petitioner in contempt and ordering that he be committed to a correctional facility for a term of 90 days as punishment therefor. We note at the outset that, although the order does not specify whether cross-petitioner was punished for criminal as opposed to civil contempt (*see* Judiciary Law §§ 750, 753; *Matter of Rose BB.*, 243 AD2d 999, 1000 [1997]; *Matter of Drimmer*, 97 AD2d 792, 793 [1983]), we conclude based on the court's reference to sections 756 and 761 of the Judiciary Law that he was in fact punished for civil contempt.

"A civil contempt is one where the rights of an individual have been harmed by the contemnor's failure to obey a court order . . . Any penalty imposed is designed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court's mandate or both" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 239 [1987]). Inasmuch as cross-petitioner complied with the court's orders, there was no reason to incarcerate him in order to coerce him to comply (*see* Judiciary Law § 774 [1]; *N.A. Dev. Co. v Jones*, 99 AD2d 238, 240 [1984]). Indeed, although the order recites that the finding of contempt was based upon cross-petitioner's willful failure to provide documentation and information to a forensic accountant as ordered by the court, it is undisputed that cross-petitioner provided such documentation and information before the commitment order was issued. In addition, there was no reason to incarcerate cross-petitioner herein inasmuch as "the rights of a party to the litigation [were not] prejudiced" (*Department of Envtl. Protection of City of N.Y.*, 70 NY2d at 239-240). Neither petitioner nor the guardian for the AIP established that they sustained "an injury requiring vindication" (*Matter of Aida C.*, 44 AD3d 110, 117 [2007]).

We further agree with cross-petitioner that the court should have granted his application, set forth in his opposition to petitioner's motion to hold him in contempt, seeking to transfer the remainder of the proceeding concerning the AIP to Surrogate's Court after her death (*see* NY Const, art VI, § 19 [a]). Because "Surrogate's Court must ultimately determine distribution of [the AIP's] estate and [we are] desirous of expediting the resolution of th[is] matter[ ], we find that the administration of justice will be better served by transferring the Mental Hygiene Law article 81 proceeding[ ] to Surrogate's Court" (*Matter of Rose BB.*, 262 AD2d 805, 807 [1999], *lv dismissed* 93 NY2d 1039 [1999]). Present—Scudder, P.J., Hurlbutt, Smith, Centra and Pine, JJ.