WHEELS AMERICA NEW YORK, LTD, Appellant-Respondent, v FELIX MONTALVO et al., Respondents-Appellants. [856 NYS2d 247]—In an action, inter alia, for a permanent injunction based on an alleged breach of a covenant not to compete contained in certain employment agreements, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated June 22, 2007, as denied that branch of its motion which was to hold the defendants in civil and criminal contempt for failure to comply with a prior order dated December 14, 2006, and the defendants cross-appeal from the same order.

Ordered that the cross appeal is dismissed as withdrawn; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

To prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with the contempt violated a clear and unequivocal mandate of the court, thereby prejudicing the movant's rights (*see* Judiciary Law § 753 [A] [3]; *Galanos v Galanos,* 46 AD3d 507, 508 [2007]; *Riverside Capital Advisers, Inc. v First Secured Capital Corp.,* 43 AD3d 1023, 1024 [2007]; *Biggio v Biggio,* 41 AD3d 753, 753-754 [2007]; *Giano v Ioannou,* 41 AD3d 427 [2007]; *Rupp-Elmasri v Elmasri,* 305 AD2d 394, 395 [2003]). The movant " 'bears the burden of proving contempt by clear and convincing evidence' " (*Galanos v Galanos,* 46 AD3d at 508, quoting *Dankner v Steefel,* 41 AD3d 526, 528 [2007]; *see Riverside Capital Advisers, Inc. v First Secured Capital Corp.,* 43 AD3d at 1024; *Lutz v Goldstone,* 42 AD3d 561, 563 [2007]; *Biggio v Biggio,* 41 AD3d at 754). The imposition of punishment for criminal contempt similarly requires a showing that the alleged contemnor violated a clear and unequivocal court mandate (*see* Judiciary Law § 750 [A] [3]; *City Wide Sewer & Drain Serv. Corp. v Carusone,* 39 AD3d 687, 688 [2007]; *Gerelli Ins. Agency, Inc. v Gerelli,* 23 AD3d 341 [2005]; *Giorgini v Goldfield,* 22 AD3d 800 [2005]; *City of Poughkeepsie v Hetey,* 121 AD2d 496, 497 [1986]). An essential element of criminal contempt is willful disobedience (*see Dalessio v Kressler,* 6 AD3d 57, 66 [2004]). Here, with regard to that

branch of the plaintiff's motion which was to hold the defendants in civil and criminal contempt, the plaintiff failed to meet its burden (*see Giorgini v Goldfield,* 22 AD3d 800 [2005]; *Rupp-Elmasri v Elmasri,* 305 AD2d at 395). Accordingly, the Supreme Court properly denied that branch of its motion which was to hold the defendants in civil and criminal contempt for failure to comply with a prior court order.

We do not reach the plaintiff's contention concerning that branch of its motion which was for summary judgment on the issue of liability, as that branch of the motion was not addressed by the Supreme Court. Thus, it remains pending and undecided (*see Hawkins-Bond v Konefsky,* 48 AD3d 417 [2008]; *Katz v Katz,* 68 AD2d 536, 542-543 [1979]). Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.