Matter of Palmitesta v Palmitesta (2018 NY Slip Op 07731)





Matter of Palmitesta v Palmitesta


2018 NY Slip Op 07731


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-08704
 (Docket Nos. V-4070-12, V-4071-12)

[*1]In the Matter of Darren Palmitesta, appellant,
v
Elizabeth Palmitesta, respondent.


Amy L. Colvin, Huntington, NY, for appellant.
Carol J. Lewisohn, Cedarhurst, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Merik R. Aaron, J.), dated July 31, 2017. The order, without a hearing, in effect, denied the father's motion to hold the mother in civil contempt for her willful violation of the parental access provisions of the parties' stipulation of settlement.
ORDERED that the order is affirmed, without costs or disbursements.
The parties have two children. In a stipulation of settlement dated August 3, 2011, which was incorporated but not merged into the parties' judgment of divorce entered May 18, 2012, the parties agreed that the mother would have custody of the children and that the father would have parental access. In September 2015, the father moved to hold the mother in civil contempt for her failure to comply with the parental access provisions of the stipulation of settlement. Almost two years later, by order dated July 31, 2017, the Family Court, without a hearing, in effect, denied the motion. The father appeals.
The primary purpose of civil contempt is remedial (see Matter of Rubackin v Rubackin, 62 AD3d 11, 16). Any penalty imposed "is designed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court's mandate or both" (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 239).
Here, at the time the father's motion was decided, the mother was complying with the parties' stipulation. Thus, although the mother may have failed to comply with the stipulation in the past, at the time the father's motion was decided, a civil contempt finding no longer could have served its intended purpose of compelling obedience to the parties' stipulation. The only purpose of a civil contempt sanction at that point would have been to punish the mother, but punishment is the purpose of criminal contempt, not civil contempt. Thus, we agree with the Family Court's determination, in effect, denying the father's motion (see id. at 239; Matter of Peer, 50 AD3d 1511, 1512; Carr v Decesare, 280 AD2d 852, 853).
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court