In the Matter of STEPHANIE S. SMITH, Appellant, v WILLIAM S. SMITH, JR., Respondent. [723 NYS2d 804] —Order unanimously reversed on the law without costs, petition reinstated and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in dismissing the *pro se* petition alleging that respondent violated the visitation provisions of a prior court order. Petitioner alleged that respondent had alienated the children from her and undermined their visitation with her. The court adjourned the proceeding several times to allow visitation between petitioner and the children but, when the children refused to see petitioner, the court dismissed the petition, stating that it was "helpless" and could not "do miracles." That was error. Where the custodial parent is either "overtly or covertly undermining visitation," the noncustodial parent is entitled to relief (*Matter of Catherine W. v Robert F.,* 116 Misc 2d 377, 378). Here, there is a factual dispute whether respondent undermined visitation. Thus, because the petition contains allegations that, if true, would entitle petitioner to relief, a hearing is required (*see, Bowie v Bowie,* 182 AD2d 1049, 1050; *cf., Palacz v Palacz,* 249 AD2d 930, *lv dismissed* 92 NY2d 920). We therefore reverse the order, reinstate the petition and remit the matter to Niagara County Family Court for a hearing on the petition. (Appeal from Order of Niagara County Family Court, Crapsi, J.—Contempt.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Burns, JJ.