■ In the Matter of WILLIAM REICHLING, Respondent, v DOLORES REICHLING, Appellant. [790 NYS2d 394]—In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), entered March 19, 2004, as, after a hearing, in effect, granted the father's motion to hold her in contempt upon finding that she willfully violated a judgment of the Supreme Court, Suffolk County (Kent, J.), entered December 4, 2000, and imposed a sentence of six months, suspended for a period of one year.

Ordered that the order is modified, on the law, by adding the following decretal paragraph after the fourth decretal paragraph thereof: "Ordered, adjudged, and decreed that the mother's conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights and remedies of the father; and it is further"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contentions, the prior orders and judgments referred to in her brief were not so internally inconsistent as to be incapable of being complied with.

We note that while the order appealed from failed to contain the required recital that the mother's actions were calculated to, or actually did, defeat, impair, impede, or prejudice the father's rights and remedies, under the circumstances of this case, including the findings made on the record by the Family

Court in that regard, the omission was a mere irregularity that may be corrected on this appeal. The nature and degree of punishment Ordered by the Family Court were well within the scope of its discretion (*see* Judiciary Law § 753 [A] [3]; *see Matter of Laland v Edmond*, 13 AD3d 451 [2004]). Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.