■ NAVAH MATIS, Respondent-Appellant, v EPHRAIM MATIS, Appellant-Respondent. [792 NYS2d 872]—

In a matrimonial action in which the parties were divorced by judgment dated July 9, 2001, the father appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Kings County (Marks, J.H.O.), dated February 18, 2004, which, after a hearing, inter alia, upon finding that the mother willfully violated the visitation provisions of the parties' stipulation of settlement, awarded him an attorney's fee in the sum of only $19,500, and (2) so much of an order of the same court (Barros, J.), dated July 13, 2004, as, upon confirming a determination finding the mother in civil contempt, denied his request that the court commit her, inter alia, to a period of six months incarceration, and committed her to a period of 30 days' incarceration, to be suspended as long as the mother encouraged and attempted to ensure contacts between the father and the subject children, and the mother cross-appeals from stated portions of the order dated February 18, 2004, which, after a hearing, inter alia, found that she willfully violated the visitation provisions of the parties' stipulation of settlement and awarded the father an attorney's fee in the sum of $19,500.

Ordered that the order dated February 18, 2004, is modified, on the facts and as a matter of discretion, by (1) deleting the provision thereof awarding the father an attorney's fee in the sum of $19,500 and substituting therefor a provision awarding the father an attorney's fee in the sum of $7,500, and (2) deleting from the fourth decretal paragraph thereof the phrase "The parents shall together chose [sic] an appropriate person or agency within one hour of the children's home for supervised visitation," and substituting therefor the phrase "the parents shall together choose an appropriate agency or person within

five miles of Clifton, New Jersey, for supervised visitation"; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs and disbursements; and it is further,

Ordered that the order dated July 13, 2004, is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court correctly confirmed the Judicial Hearing Officer's determination, after a hearing, that the mother willfully violated the visitation provisions of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce dated July 9, 2001. Although the mother knew of the court-ordered visitation and telephone contact provisions, the testimony adduced at the hearing revealed that she failed to fully comply with the court's mandate on several occasions (*see McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]). By her disobedience, the mother prejudiced the father's rights to visitation and telephone contact with the subject children (*see* Judiciary Law § 753 [A] [3]; *Yeshiva Tifferes Torah v Kesher Intl. Trading Corp.*, 246 AD2d 538 [1998]; *City of Poughkeepsie v Hetey*, 121 AD2d 496, 497 [1986]).

Under the particular circumstances of this case, the Supreme Court properly committed the mother to a period of 30 days' incarceration, suspended as long as she encouraged and attempted to ensure contacts with the children as provided in the order dated February 18, 2004. However, in our view, it is in the best interest of the children for the supervised visitation with their father to occur within five miles of Clifton, New Jersey, where they reside.

By the terms of the parties' stipulation of settlement, inter alia, "either party can seek court leave for attorneys fees . . . resulting from the others [*sic*] default or non-compliance with each of the terms of this stipulation." The Supreme Court correctly determined that the father was entitled to an award of an attorney's fee as a result of the mother's willful violation of his visitation rights, pursuant to the terms of the stipulation (*see Mulder v Mulder*, 191 AD2d 541, 542 [1993]; *Kasal v Kasal*, 297 AD2d 624, 626 [2002]). However, given the relative merits of the parties' positions and their respective financial positions (*see Morken v Morken*, 292 AD2d 431, 431-432 [2002]; *Grossman v Grossman*, 260 AD2d 602, 603 [1999]), we find that an award of an attorney's fee to the father in the sum of $7,500 to be appropriate in this case.

The parties' remaining contentions are without merit. H. Miller, J.P., Luciano, Rivera and Lifson, JJ., concur.