■ REBECCA LUNDAHL RAPHAEL, Respondent, v ALLAN RAPHAEL, Appellant. [799 NYS2d 108]—

In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated May 14, 2004, as, without a hearing, granted the plaintiff wife's motion to hold him in contempt for disposing of certain assets in violation of an order of the same court dated June 18, 2003.

Ordered that the order is modified, on the law, by adding to the end of the first sentence of the decretal paragraph thereof the words: "and that the husband's conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights and remedies of the wife"; as so modified, the order is affirmed insofar as appealed from, with costs to the respondent.

"To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and the person alleged to have violated the order had actual knowledge of its terms" (*Ottomanelli v Ottomanelli,* 17 AD3d 647, 648 [2005]). The wife, as the moving party for a finding of contempt, bore the burden of proving contempt by clear and

convincing evidence (*see Vujovic v Vujovic,* 16 AD3d 490 [2005]). Furthermore, the wife was required to demonstrate that the alleged contempt prejudiced her rights (*see Vujovic v Vujovic, supra; Sklover v Sklover,* 11 AD3d 527 [2004]).

By order dated June 18, 2003, the Supreme Court granted the wife's motion, inter alia, to enjoin the husband from transferring their marital assets, which order provided that "pending the trial of this matter, the [husband] is enjoined and restrained from transferring, selling, pledging, liquidating, mortgaging or otherwise hypothecating any asset . . . whether titled in joint or individual name, except for ordinary living expenses and reasonable counsel fees." Contrary to the husband's contentions, the Supreme Court properly determined that he was in contempt for violating that order. In opposition to the wife's motion, the husband *admitted* withdrawing approximately $40,000 from the parties' Putnam Investment account, thus obviating the need for a hearing as to the fact of his disobedience (*see Data-Track Account Servs. v Lee,* 291 AD2d 827 [2002]; *Cashman v Rosenthal,* 261 AD2d 287 [1999]). He defended his conduct by arguing that the Putnam Investment account was his separate property and thus was beyond the Supreme Court's power to restrain. However, the wife alleged that the account was "largely marital" and the issue of the character of this property was one of fact to be determined in the divorce action. In any event, the account was among those assets explicitly restrained. Notwithstanding the husband's assertions that adjustments and credits may later be made as necessary, his unilateral dissipation of this alleged marital asset was prejudicial to the wife. Accordingly, the Supreme Court correctly determined that he was in contempt.

The husband is correct that the order appealed from failed to set forth the required recital that the contemptuous conduct was "calculated to or actually did defeat, impair, impede or prejudice the [wife's] rights or remedies" (*Stempler v Stempler,* 200 AD2d 733, 734 [1994]; *see Federal Deposit Ins. Corp. v Richman,* 98 AD2d 790 [1983]). However, since the finding of contempt is supported by the record, including the husband's admission to his contemptuous behavior, the omission was a mere irregularity which may be corrected on appeal (*see Matter of Reichling v Reichling,* 16 AD3d 424 [2005]; *Matter of Laland v Edmond,* 13 AD3d 451 [2004]; *Barkan v Barkan,* 271 AD2d 466 [2000]). Accordingly, we modify the order to include the requisite recital.

The husband's remaining contentions are without merit. Adams, J.P., S. Miller, Ritter and Fisher, JJ., concur.