GLOVEMAN REALTY CORP., Appellant-Respondent, v JOHN JEFFERYS et al., Respondents-Appellants. [815 NYS2d 687]—

In an action, inter alia, for an ejectment, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated April 20, 2004, as denied that branch of its motion which was to hold the defendants in contempt for their failure to make certain use and occupancy payments as required by an order of the same court (Schmidt, J.) dated July 18, 2002, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for a return of use and occupancy payments previously made.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to hold the defendants in contempt of court; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the defendants to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

By order dated July 18, 2002, the Supreme Court directed the defendants to pay the value of their use and occupancy of the subject premises to the plaintiff during the pendency of this action. The defendants discontinued those payments sometime in 2003, purportedly on the basis of the Supreme Court's subsequent order, dated November 5, 2003, which granted summary judgment dismissing the plaintiff's cause of action for an ejectment. Contrary to the determination made by the Supreme Court, the defendants' discontinuance of the payments was not justified.

A party is obligated to comply with a court order, however incorrect the party may consider that order to be, until that or-

der is set aside, either by appeal or otherwise, so long as the court issuing the order had jurisdiction to do so (*see Matter of Bickwid v Deutsch*, 229 AD2d 533, 534-535 [1996]; *Wolstencroft v Sassower*, 212 AD2d 598, 599 [1995]; *Busters Cleaning Corp. v Frati*, 203 AD2d 409 [1994]). Contrary to the defendants' argument, and notwithstanding this Court's reinstatement of the cause of action for an ejectment (*see Gloveman Realty Corp. v Jefferys*, 18 AD3d 812, 813 [2005]), the order dated November 5, 2003, dismissing the plaintiff's cause of action for an ejectment neither terminated this action nor the defendants' obligation to pay use and occupancy during its pendency. Although the order dated November 5, 2003, granted the defendants' cross motion for summary judgment dismissing the plaintiff's cause of action for an ejectment on the ground that the defendants were entitled to protection under the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4) and the Emergency Tenant Protection Act of 1974 (L 1974, ch 576), it did not address either the plaintiff's fourth cause of action for past due rent or use and occupancy, or the affirmative defenses interposed by the defendants with respect to that cause of action. Consequently, the order dated November 5, 2003, did not extinguish the defendants' obligations as set forth in the order dated July 18, 2002, requiring the payment of use and occupancy during the pendency of this action by the defendants. The defendants' contention that the order dated November 5, 2003, effectively vacated the provisions of the order dated July 18, 2002, is thus without merit.

Nonetheless, in order to prevail on a motion to hold another in civil contempt, "the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation" (*Rupp-Elmasri v Elmasri*, 305 AD2d 394, 395 [2003]; *see Matter of County of Orange v Rodriguez*, 283 AD2d 494, 495 [2001]; *see also* Judiciary Law § 753 [A] [3]; *Goldsmith v Goldsmith*, 261 AD2d 576, 577 [1999]). The contempt must be proven by clear and convincing evidence (*see Vujovic v Vujovic*, 16 AD3d 490 [2005]; *Green v Green*, 288 AD2d 436, 437 [2001]). Because the Supreme Court did not reach these issues, we remit the matter for further proceedings so that the Supreme Court may consider and determine whether a finding of contempt is warranted.

The Supreme Court correctly denied, at this juncture, that branch of the defendants' cross motion which was for the return of use and occupancy payments paid pendente lite. Although the order dated July 18, 2002, provided that the pendente lite payments were to be without prejudice, the existence of triable

issues of fact "as to whether the leases between the plaintiff and the defendants were entered into to effect an illegal end" (*Gloveman Realty Corp. v Jefferys, supra* at 813) precluded the resolution of this issue. Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.