■ DOROTHY M. DISANTO, Respondent, v FRANK J. DISANTO, Appellant. EDWARD A. AMBROSINO, Nonparty Respondent. [815 NYS2d 467]—In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Ross, J.), entered January 27, 2005, which, upon a decision of the same court issued October 21, 2004, granted the motion of the receiver, Edward A. Ambrosino, inter alia, for authorization to exercise certain stock options selected by him and owned by the defendant, and directed the receiver to pay, from the net proceeds realized from the exercise of the options, any pendente lite arrears owed by the defendant to the plaintiff upon presentation by her of a judgment and bill of costs.

Ordered that the appeal is dismissed, with costs.

The record on appeal omits the decision of the Supreme Court issued on October 21, 2004 upon which the order on appeal was entered. The transcript of this decision must be included in a proper record on appeal (*see* CPLR 5526). Its omission thus presents a record inadequate to permit this Court to render an informed decision on the merits (*see Singh v Getty Petroleum Corp.*, 275 AD2d 740 [2000]). Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.

■ DOROTHY M. DISANTO, Respondent, v FRANK J. DISANTO, Appellant. [815 NYS2d 468]—

In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Ross, J.), dated April 15, 2005, which denied his motion for recusal.

Ordered that the order is affirmed, with costs.

Absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of his or her recusal. Since the husband failed to demonstrate that any of the Supreme Court's determinations in the case were the result of bias, the court providently exercised its discretion in denying his motion for recusal (*see York v York*, 250 AD2d 837, 838 [1998]; *Skripek v Skripek*, 239 AD2d 488 [1997]; *Anjam v Anjam*, 191 AD2d 531, 532-533 [1993]). Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.