THE PEOPLE OF THE STATE OF NEW YORK ex rel. A.E.F., on Behalf of M. J.L.-F., Respondent, v K.T.L., Appellant. In the Matter of K.T.L., Appellant, v A.E.F., Respondent. [835 NYS2d 730]—

In a habeas corpus proceeding pursuant to Domestic Relations Law § 70, the mother appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Stack, J.), dated April 3, 2006, as, upon the transfer to that court of a proceeding brought by the mother in the Family Court, Suffolk County, under docket No. V-12953-02/05C to modify a prior order of the Supreme Court, Nassau County, dated January 13, 2005, which, inter alia, directed visitation, in effect, granted the petition in that proceeding only to the extent of providing that all pick-up and drop-off for visitation shall take place at the curbside of the father's residence and otherwise denied that petition, and denied her cross motion for recusal, and (2) so much of an order of the same court dated May 8, 2006, as denied her application to modify the order dated January 13, 2005.

Ordered that on the Court's own motion, the notice of appeal from the order dated May 8, 2006, is deemed an application for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that the appeals from so much of the orders as denied those branches of the appellant's petition and application which were to modify the visitation schedule in order to accommodate her religious beliefs are dismissed as academic; and it is further,

Ordered that the orders are affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, the court providently exercised its discretion in denying her cross motion for recusal (*see DiSanto v DiSanto,* 29 AD3d 936 [2006]).

The appellant failed to make a sufficient showing that there had been a material change in circumstances to require a hearing on the issue of whether a prior visitation order should be modified as a result of a change in the appellant's work schedule (*see Matter of Steinharter v Steinharter*, 11 AD3d 471 [2004]). Additionally, the appellant's arguments for a modification of the visitation order in order to accommodate her religious beliefs are academic since by order entered August 16, 2006, the Supreme Court, inter alia, ordered the respondent to make "reasonable accommodation" for the appellant's religious observance "if she is unable to drive the child on a holy day."

The appellant's remaining contentions are without merit. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.