■ LAWRENCE BIGGIO, Respondent, v JACQUELINE BIGGIO, Appellant. [839 NYS2d 527]—

In an action for a divorce and ancillary relief, the wife appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), dated April 13, 2006, which, without a hearing, granted the husband's motion to hold her in contempt for her willful violation of an order of the same court dated March 9, 2004, and directed her to pay an attorney's fee to the husband's attorney in the sum of $5000.

Ordered that the order is modified, on the law, by adding thereto a decretal paragraph stating: "Ordered, adjudged, and decreed that the wife's conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the husband's rights or remedies;" as so modified, the order is affirmed, with costs to the husband.

"To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court

order clearly expressing an unequivocal mandate was in effect and the person alleged to have violated the order had actual knowledge of its terms" (*Ottomanelli v Ottomanelli*, 17 AD3d 647, 648 [2005] [internal quotation marks omitted]; *see Freihofner v Freihofner*, 39 AD3d 465 [2007]; *Kawar v Kawar*, 231 AD2d 681, 682 [1996]). The husband, as the party moving for a finding of contempt, bore the burden of proving contempt by clear and convincing evidence (*see Raphael v Raphael*, 20 AD3d 463, 463-464 [2005]). The husband met his burden, which was not overcome, by establishing that the wife mortgaged the marital home and spent at least some of the proceeds on expenses that were not "in the ordinary course of business or day to day living expenses," in violation of the terms of the court's order dated March 9, 2004. That order, on consent, "restrained and enjoined [the parties] from disposing, dissipating, removing or transferring any marital property except in the ordinary course of business or day to day living expenses." Additionally, the husband was prejudiced by what the Supreme Court properly found to be the wife's willful violation of the order (*see Raphael v Raphael, supra*).

The order appealed from failed to set forth the required recital that the contemptuous conduct was "calculated to, or actually did defeat, impair, impede or prejudice the [husband's] rights or remedies" (*Stempler v Stempler*, 200 AD2d 733, 734 [1994] [internal quotation marks omitted]). Since, however, the finding of contempt is supported by the record, and by the wife's admission of the behavior underlying the contempt finding, the omission is a mere irregularity which may be corrected on appeal (*see Raphael v Raphael, supra*). Accordingly, we modify the order to include the requisite recital. Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.