■ Louis Galanos, Respondent, v Suzanne Galanos, Appellant. [846 NYS2d 654]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 16, 2006, as, after a hearing, in effect, granted that branch of the plaintiff's motion which was to hold her in contempt for a willful violation of an order of the same court dated January 30, 2004, and directed her incarceration for a period of 30 days without an opportunity to purge the contempt.

Ordered that the appeal from so much of the order as directed the defendant's incarceration for a period of 30 days without the opportunity to purge the contempt is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with the contempt violated a clear and unequivocal mandate of the court, thereby prejudicing the movant's rights (*see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins,* 84 NY2d 216, 226 [1994]; *Gloveman Realty Corp. v Jefferys,* 29 AD3d 858, 859 [2006]; *Raphael v Raphael,* 20 AD3d 463, 464 [2005]). The movant "bears the burden of proving contempt by clear and convincing evidence" (*Dankner v Steefel,* 41 AD3d 526, 528 [2007]). In addition, "the party to be held in contempt must have had knowledge of the order" (*McCain v Dinkins,* 84 NY2d at 226). Here, the plaintiff met his burden of proving, by clear and convincing evidence, that the defendant violated a lawful and unequivocal mandate, to wit, an explicit directive contained in the order dated January 30, 2004, of which she had knowledge, and, in so doing, prejudiced the plaintiff's rights (*see Biggio v Biggio,* 41 AD3d 753, 754 [2007]; *Raphael v Raphael,* 20 AD3d at 464).

Contrary to the defendant's contention, the order of contempt contained a description of the acts she committed constituting the contempt, and set forth the required recital that the contemptuous conduct was "calculated to, or actually did, defeat, impair, impede, or prejudice the [plaintiff's] rights or remedies" (Judiciary Law § 770; *see* Judiciary Law § 753 [A]; *Biggio v Biggio,* 41 AD3d at 754; *Raphael v Raphael,* 20 AD3d at 464).

The appeal from so much of the order dated June 16, 2006, as directed the defendant's incarceration for a period of 30 days without the opportunity to purge the contempt must be dismissed as academic in light of the fact that the defendant has already completed the period of incarceration. Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.