■ Susan Coyle, Respondent, v Timothy Coyle, Appellant. [882 NYS2d 423]—

In a matrimonial action in which the parties were divorced by judgment entered April 3, 2003, the defendant father appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated November 15, 2007, as, without a hearing, granted the motion of the plaintiff mother to hold him in contempt for failure to comply with certain provisions in the parties' so-ordered stipulation of settlement, which was incorporated but not merged into the

judgment of divorce, and (2) from an order of the same court dated January 29, 2008, which denied his motion, denominated as one for leave to reargue and renew, but which was, in actuality, one for leave to reargue.

Ordered that the appeal from the order dated January 29, 2008 is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated November 15, 2007 is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith and a new determination thereafter.

The appeal from the order dated January 29, 2008 must be dismissed. The defendant's motion, denominated as one for leave to reargue and renew, was, in actuality, one for leave to reargue, because it was not based on new facts (*see* CPLR 2221 [d] [2]). An order denying a motion for leave to reargue is not appealable (*see Viola v Blanco,* 1 AD3d 506 [2003]).

To prevail on a motion to punish for civil contempt, the movant must establish (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct (*see Galanos v Galanos,* 46 AD3d 507 [2007]; *Biggio v Biggio,* 41 AD3d 753 [2007]). "A hearing is not mandated in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (*Jaffe v Jaffe,* 44 AD3d 825, 826 [2007] [internal quotation marks omitted]).

The record demonstrates that the parties' stipulation of settlement was clear and unambiguous. However, there was an unresolved factual issue concerning whether the defendant violated certain provisions governing vacations contained in the stipulation, i.e., whether he provided prior notice of his vacation schedule and contact information to the plaintiff. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for an evidentiary hearing on the plaintiff's motion to hold the defendant in contempt, and a new determination of the motion thereafter (*see Kovach v Hurlburt,* 267 AD2d 824 [1999]). Rivera, J.P., Santucci, Chambers and Hall, JJ., concur.