■ TOWN OF RIVERHEAD, Appellant, v T.S. HAULERS, INC., Respondent. [890 NYS2d 332]—

To prevail on a motion to punish for civil contempt, the movant must establish, by clear and convincing evidence (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct (*see Coyle v Coyle*, 63 AD3d 657, 658 [2009]; *Kalish v Lindsay*, 47 AD3d 889 [2008]; *Galanos v Galanos*, 46 AD3d 507 [2007]; *Biggio v Biggio*, 41 AD3d 753 [2007]; *Gloveman Realty Corp. v Jefferys*, 29 AD3d 858, 859 [2006]). To prevail on a motion to punish for criminal contempt, the movant must establish, beyond a reasonable doubt, the willful disobedience of a court's lawful mandate (*see* Judiciary Law § 750 [A] [3]; § 751; *Muraca v Meyerowitz*, 49 AD3d 697 [2008]; *see also Matter of Rubackin v Rubackin*, 62 AD3d 11, 19 [2009]). Here, the plaintiff did not meet its burden (*see Wheels Am. N.Y., Ltd v Montalvo*, 50 AD3d 1130 [2008]; *Panza v Nelson*, 54 AD2d 928 [1976]). Therefore, the hearing court properly denied the plaintiff's motion to hold the defendant in civil and/or criminal contempt. Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.