■ In the Matter of TISHAUNA PATRICIA N. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; TEE TEE ANN W., Appellant. (Proceeding No. 1.) In the Matter of KENDELL ANTHONY B. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; TEE TEE ANN W., Appellant. (Proceeding No. 2.) In the Matter of KENDRA KIMBERLYN B. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; TEE TEE ANN W., Appellant. (Proceeding No. 3.) In the Matter of KENDASHA TASHAUNA W.-B. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; TEE TEE ANN W., Appellant. (Proceeding No. 4.) In the Matter of SHUNDASHA CHERYL B. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; TEE TEE ANN W., Appellant. (Proceeding No. 5.) [890 NYS2d 346]—

The mother's appeal from the order denying her motion to reinstate visitation with the subject children has been rendered academic in light of a subsequent order of the Family Court reinstating her visitation with the subject children and,

therefore, must be dismissed (*see Pollack v Pollack*, 56 AD3d 637, 637-638 [2008]; *Matter of Damian M.*, 41 AD3d 600 [2007]; *People ex rel. A.E.F. v K.T.L.*, 40 AD3d 894, 895 [2007]).

The mother's contention that the Family Court improvidently exercised its discretion in approving a permanency goal of placement for adoption for the subject children is not properly before this Court because that issue was not determined in the order appealed from. Dillon, J.P., Santucci, Florio and Hall, JJ., concur.