# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**111**

**CAF 09-01266**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF DARLA WILCE,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

STEPHEN SCALISE, RESPONDENT-APPELLANT.
---------------------------------------
IN THE MATTER OF STEPHEN SCALISE,
PETITIONER-APPELLANT,

V

DARLA WILCE, RESPONDENT-RESPONDENT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

---

Appeal from an order of the Family Court, Monroe County (Patricia E. Gallaher, J.), entered May 6, 2009 in proceedings pursuant to Family Court Act article 6. The order, among other things, found that respondent father willfully violated an order of custody and visitation.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent father appeals from an order finding him in civil contempt for violating the visitation provisions of a custody order and imposing a fine of $500 as a sanction, to be applied against the amount of child support arrears owed to the father by petitioner mother. We agree with the father that the order fails to set forth the required findings that his conduct was calculated to, or actually did, impair, impede or prejudice the mother's rights or remedies (*see Biggio v Biggio*, 41 AD3d 753; *Oppenheimer v Oscar Shoes*, 111 AD2d 28, 29). In addition, although the record contains testimony from the mother that, if credited, could support a finding that the father violated the visitation provisions of the custody order, the court also failed to specify the testimony that it found to be credible to support the finding of civil contempt. Thus, we cannot merely modify the order by adding the requisite language (*cf. Biggio*, 41 AD3d at

754).  Under the circumstances of this case, we reverse the order and dismiss the petition.