■ STEVE ROSE, Appellant, v JULIE H. LEVINE et al., Defendants, and ROBERT LEVINE, Respondent. [923 NYS2d 689]—

In an action to foreclose three mortgages, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Westchester County (Lefkowitz, J.), dated October 19, 2009, which, after a hearing, and upon an order of the same court dated March 13, 2006, inter alia, granting the motion of the defendant Robert Levine for a preliminary injunction and the separate motion of that defendant to hold the plaintiff in civil and criminal contempt for violating a temporary restraining order of the same court dated January 19, 2006, granted that branch of the motion of the defendant Robert Levine which was to hold the plaintiff in civil contempt for violating the preliminary injunction in the order dated March 13, 2006, imposed a fine in the sum of $38,421.22, representing the costs and expenses of that defendant, plus $250 pursuant to Ju-

diciary Law § 773, directed the plaintiff's incarceration for a period of three months or until he purged the civil contempt by paying the civil fine, and fined him $1,000 for his criminal contempt, and (2) an order and judgment (one paper) of the same court dated February 3, 2010, which, inter alia, upon the order and judgment dated October 19, 2009, among other things, granting that branch of the motion of the defendant Robert Levine which was to hold him in civil contempt for his violation of the preliminary injunction in the order dated March 13, 2006, imposed a fine in the sum of $106,338.48, representing the costs and expenses of that defendant, plus $250 pursuant to Judiciary Law § 773, and directed the plaintiff's incarceration for a period of six months or until he purges the civil contempt by paying the fine.

Ordered that the orders and judgments are affirmed, with one bill of costs.

In an order and judgment dated October 19, 2009, the Supreme Court, inter alia, imposed fines based upon its order dated March 13, 2006, among other things, holding the plaintiff in civil and criminal contempt for violating a temporary restraining order of the same court dated January 19, 2006. Those findings of civil and criminal contempt were upheld by this Court on the plaintiff's prior appeal from an order dated March 13, 2006 (*see Rose v Levine*, 37 AD3d 691, 693 [2007]). Therefore, the plaintiff's current challenge to the Supreme Court's finding of criminal contempt for violation of the temporary restraining order dated January 19, 2006, has already been determined to be without merit.

In the order and judgment dated October 19, 2009, the Supreme Court also granted that branch of the motion of the defendant Robert Levine (hereinafter Levine) which was to hold the plaintiff in civil contempt for his willful violation of a preliminary injunction in the order dated March 13, 2006. To prevail on a motion to punish for civil contempt, the movant must establish, by clear and convincing evidence (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct (*see Coyle v Coyle*, 63 AD3d 657, 658 [2009]; *Kalish v Lindsay*, 47 AD3d 889, 891 [2008]; *Galanos v Galanos*, 46 AD3d 507, 508 [2007]; *Biggio v Biggio*, 41 AD3d 753, 753-754 [2007]; *Gloveman Realty Corp. v Jefferys*, 29 AD3d 858, 859 [2006]). Here, Levine met his burden (*see Galanos v Galanos*, 46 AD3d at 508; *Casavecchia v Mizrahi*, 57 AD3d 702, 703-704 [2008]). Therefore,

the Supreme Court correctly granted that branch of Levine's motion which was to hold the plaintiff in civil contempt.

The plaintiff's challenges to the amount of the civil fine imposed in the order and judgment dated February 3, 2010, are improperly raised for the first time on appeal or are without merit. The Supreme Court properly imposed a fine which included the reasonable counsel fees incurred by Levine in connection with the plaintiff's civil contempt, and the amount of the fine is fully supported by the evidence in the record (*see Sager Spuck Statewide Supply Co. v Meyer*, 282 AD2d 971, 973 [2001]; *Glanzman v Fischman*, 143 AD2d 880, 881 [1988]; Judiciary Law § 773).

The plaintiff's remaining contentions are without merit. Angiolillo, J.P., Florio, Lott and Austin, JJ., concur.