■ JOHN MCGRATH, Appellant, v CHERYL MCGRATH, Now Known as CHERYL D'ANGIO, Respondent. [924 NYS2d 805]—

In a matrimonial action in which the parties were divorced by judgment dated November 29, 2004, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated March 15, 2010, as denied, without a hearing, his motion, in effect, to hold the defendant in civil and/or criminal contempt.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on whether the defendant should be punished for civil and/or criminal contempt.

"To prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with contempt willfully violated a clear and unequivocal mandate of a court's order, with knowledge of that order's terms, thereby prejudicing the movant's rights" (*Rubin v Rubin*, 78 AD3d 812, 813 [2010]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 225-226 [1994]; *Matter of Philie v Singer*, 79 AD3d 1041, 1042 [2010]; *Matis v Matis*, 17 AD3d 547, 548 [2005]). "To prevail on a motion to punish [a party] for criminal

contempt, the movant must establish, beyond a reasonable doubt, the willful disobedience of a court's lawful mandate" (*Town of Riverhead v T.S. Haulers, Inc.*, 68 AD3d 1103 [2009]; *see* Judiciary Law § 750 [A] [3]; § 751; *Wheels Am. N.Y., Ltd v Montalvo*, 50 AD3d 1130 [2008]).

After the parties' older child, Michael, left the father's home to live with his mother, the father moved to hold the mother in civil and/or criminal contempt for violating the clear and unequivocal mandate contained in the custody order in effect at the time, pursuant to which the father had "sole legal and residential custody" of the parties' children. The father alleged, inter alia, that the mother had permitted Michael to move back into her home in violation of the Supreme Court's prior custody order, and then proceeded to file "yet another false allegation of abuse against [the father], wherein she and Michael called the police and [child protective services] that same day." Under the circumstances, the Supreme Court should have directed a hearing to determine whether the mother violated the custody order then in effect by allegedly continuing to undermine the father's relationship with Michael and defeating the father's rights pursuant to the order (*see Matter of Smith v Smith*, 283 AD2d 1000 [2001]).

The father is correct that the issue regarding whether the mother should be held in contempt based on the mother's alleged role in Michael leaving his father's home on January 5, 2010, was never litigated before, and the Supreme Court erred in finding that it had been. Rivera, J.P., Skelos, Hall and Austin, JJ., concur.