KETTLY BERNARD-CADET, Appellant, v SHANTEL GOBIN et al., Defendants, and MAHAR UN NESSA, Also Known as MAHAR NESSA, et al., Respondents. [943 NYS2d 164]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property, the plaintiff appeals (1) from a judgment of the Supreme Court, Queens County (Satterfield, J.), entered November 29, 2010, which, upon an order of the same court entered November 18, 2010, granting the motion of the defendant Mahar Un Nessa, also known as Mahar Nessa, to hold the plaintiff in civil contempt for violating an order of the same court entered January 22, 2007, is in favor of that defendant and against her in the principal sum of $82,000, and (2) from an order of the same court (Schulman, J.), entered March 22, 2011, which granted the motion of the defendants Mahar Un Nessa, also known as Mahar Nessa, Long Beach Mortgage Company, Indymac Bank, FSB, and Mortgage Electronic Registration System, Inc., to confirm a report of a Judicial Hearing Officer (Risi, J.H.O.), dated February 14, 2011, made after a hearing, recommending that the complaint be dismissed. The notice of appeal from the order entered November 18, 2010, is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is reversed, on the law, the motion of the defendant Mahar Un Nessa, also known as Mahar Nessa, to hold the plaintiff in civil contempt is denied, and the order entered November 18, 2010, is modified accordingly; and it is further,

Ordered that the order entered March 22, 2011, is reversed, on the facts, and the motion of the defendants Mahar Un Nessa, also known as Mahar Nessa, Long Beach Mortgage Company, Indymac Bank, FSB, and Mortgage Electronic Registration System, Inc., to confirm the report of the Judicial Hearing Officer, dated February 14, 2011, made after a hearing, recommending that the complaint be dismissed, is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff contends that the Supreme Court erred in confirming a report by a Judicial Hearing Officer (hereinafter JHO), which, after a hearing, recommended that the complaint be dismissed. Specifically, the JHO determined that the plaintiff had failed to show, by clear and convincing evidence, inter alia, that the deed and transfer documents which conveyed title to the subject property from the plaintiff to the defendant Shantel Gobin were forged.

In reviewing a determination made after a hearing, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the hearing judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Olympus Servicing, L.P. v Lee*, 56 AD3d 537, 538 [2008]; *ProHealth Care Assoc., LLP v Shapiro*, 46 AD3d 792 [2007]; *Matter of Fasano v State of New York*, 113 AD2d 885, 887-888 [1985]). During the hearing before the JHO, the plaintiff testified that she did not sign the deed and transfer documents which conveyed the property to Gobin. She also presented the testimony of a handwriting expert, who testified that the plaintiff's signatures on these documents were forged. The defendants failed to present any credible evidence to show that the documents were not forged. Accordingly, the Supreme Court erred in confirming the report of the JHO, recommending that the complaint be dismissed.

In addition, the Supreme Court erred in granting the motion of the defendant Mahar Un Nessa, also known as Mahar Nessa (hereinafter Nessa), to hold the plaintiff in civil contempt for violating an order entered January 22, 2007. To prevail on a motion to punish for civil contempt, the movant must establish, by clear and convincing evidence (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct (*see Rose v Levine*, 84 AD3d 1206, 1207 [2011]; *Coyle v Coyle*, 63 AD3d 657, 658 [2009]; *Kalish v Lindsay*, 47 AD3d 889 [2008]; *Galanos v Galanos*, 46 AD3d 507 [2007]; *Biggio v Biggio*, 41 AD3d 753 [2007]; *Gloveman Realty Corp. v Jefferys*, 29 AD3d 858, 859 [2006]). Here, Nessa failed to show that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. Accordingly, Nessa's motion to hold the plaintiff in civil contempt for violating the order entered January 22, 2007, should have been denied. Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.