■ Steve Rose, Appellant, v Julie H. Levine et al., Defendants, and Robert Levine, Respondent. [951 NYS2d 880]—

In an action to foreclose three mortgages, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated October 26, 2010, which denied his motion (1) pursuant to CPLR 2221 (e) for leave to renew his opposition to a prior motion of the defendant Robert Levine, inter alia, to hold him in civil or criminal contempt for violating a temporary restraining order set forth in an order of the same court dated January 19, 2006, which had been granted in an order of the same court dated March 13, 2006, and for leave to renew his opposition to a prior motion of the defendant Robert Levine, inter alia, to hold him in civil contempt for violating a preliminary injunction set forth in the order dated March 13, 2006, which had been granted in an order of the same court dated October 19, 2009, and (2) pursuant to CPLR 5015 (a) (2), CPL 440.10 (1) (g) and (h), and the common-law writ of coram nobis, to vacate the orders dated March 13, 2006, and October 19, 2009, and to vacate a prior order of the same court dated February 3, 2010, imposing fines and directing his incarceration until he purges his civil contempt by paying the associated fines.

Ordered that the order dated October 26, 2010, is affirmed, with costs.

The plaintiff's contentions with respect to his allegations of ineffective assistance of counsel during the subject contempt proceedings, which formed the basis of his request for coram nobis relief, were previously raised by him and determined to be without merit on a prior appeal (*see Rose v Levine*, 84 AD3d 1206, 1208 [2011]).

"A motion for leave to renew is not a second chance freely

given to parties who have not exercised due diligence in making their first factual presentation" (*Elder v Elder*, 21 AD3d 1055, 1055 [2005]; *see Matter of Allstate Ins. Co. v Liberty Mut. Ins.*, 58 AD3d 727, 728 [2009]). A motion for leave to renew must be based upon new facts, not offered on the original application, "that would change the prior determination" (CPLR 2221 [e] [2]), and the party seeking renewal must have a "reasonable justification" for the failure to present such facts on the original motion (CPLR 2221 [e] [3]; *see Matter of Korman v Bellmore Pub. Schools*, 62 AD3d 882, 884 [2009]). What constitutes a "reasonable justification" is within the Supreme Court's discretion (*Heaven v McGowan*, 40 AD3d 583, 586 [2007]; *see Rowe v NYCPD*, 85 AD3d 1001, 1003 [2011]). Here, the Supreme Court's denial of that branch of the plaintiff's motion which was for leave to renew his opposition to the contempt motions of the defendant Robert Levine, was a provident exercise of discretion, since the plaintiff failed to offer a reasonable justification as to why the subject "new" evidence was not submitted at the time of the prior motions and, in any event, the subject evidence would not have changed the prior determinations (*see Zito v Jastremski*, 84 AD3d 1069, 1071 [2011]; *Ryan v Richmond County Yacht Club, Inc.*, 83 AD3d 1036, 1037 [2011]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.

Motion by the respondent pursuant to 22 NYCRR 130-1.1 and 670.2 (h) to impose sanctions upon the appellant and his counsel, and for an award of costs, on the ground that the appeal from an order of the Supreme Court, Westchester County, dated October 26, 2010, is frivolous. By decision and order on motion of this Court dated November 21, 2011, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to impose sanctions upon the appellant and his counsel is granted; and it is further,

Ordered that within 20 days after service of a copy of this decision and order on motion upon it, Gribetz & Loewenberg, PLLC, counsel for the appellant, is directed to pay a sanction in

the sum of $10,000 to the Lawyers' Fund for Client Protection (*see* 22 NYCRR 130-1.1 [b]; 130-1.3); and it is further,

Ordered that within 10 days after payment of the sanction, Gribetz & Loewenberg, PLLC, shall file proof of payment with the Clerk of this Court; and it is further,

Ordered that the appellant is directed to pay a sanction in the sum of $10,000; within 20 days after service of a copy of this decision and order on motion upon his counsel he shall deposit the sum of $10,000 with the Clerk of this Court for transmittal to the Commissioner of Taxation and Finance (*see* 22 NYCRR 130-1.3); and it is further,

Ordered that the Clerk of this Court, or her designee, shall serve a copy of this order upon counsel for the parties by regular mail; and it is further,

Ordered that the motion is otherwise denied.

The arguments raised on the appeal from the order dated October 26, 2010, are completely without merit in law and could not be supported by a reasonable argument for an extension, modification, or reversal of existing law (*see* 22 NYCRR 130-1.1 [c] [1]; *Strout Realty v Mechta,* 161 AD2d 630 [1990]). The appellant's frivolous conduct included, inter alia, the continuation of the same meritless ineffective assistance of counsel arguments previously raised and decided against him in a prior appeal as without merit (*see Rose v Levine,* 84 AD3d 1206, 1208 [2011]; *Rose v Levine,* 98 AD3d 1015 [2012] [decided herewith]), a patently improper attempt to reargue previously affirmed findings of civil contempt against him (*see id.*), and making a renewal motion relating to the contempt finding premised upon an unsworn affidavit that could not have possibly altered the underlying determination even based upon the most liberal interpretation thereof (*Rose v Levine,* 98 AD3d 1015 [2012] [decided herewith]). The appellant and his counsel have persisted in raising arguments even after their lack of legal merit was apparent, and have pursued yet another appeal that so obviously lacks merit in either fact or law it must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c) (*see Yan v Klein,* 35 AD3d 729, 729-730 [2006]; *Matter of Parkside Ltd. Liab. Co.,* 294 AD2d 582, 584 [2002]).

Accordingly, sanctions in the amounts set forth are warranted. Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.