■ Michael J. Hayes, Jr., Respondent, v Florentina Barroga-Hayes, Appellant. [985 NYS2d 673]—

In a matrimonial action in which the parties were divorced by judgment dated June 4, 1998, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Panepinto, J.), dated June 15, 2012, as denied that branch of her motion which was for an award of counsel fees, (2) from an order of the same court, also dated June 15, 2012, which denied her separate motion for recusal, (3) from an order of the same court, also dated June 15, 2012, which granted the plaintiff's cross motion for certain injunctive relief to the extent of directing the defendant to make future applications only by order to show cause, (4) from a judgment of the same court dated August 9, 2012, which, upon an order dated April 4, 2012, granting that branch of the plaintiff's motion which was to enforce the child support provisions of the judgment of divorce, is in favor of the plaintiff and against her in the total sum of $6,681.09, representing unpaid basic child support for the period from July 1, 2005, through June 30, 2006, plus interest, (5) from a judgment of the same court, also dated August 9, 2012, which, upon the order dated April 4, 2012, is in favor of the plaintiff and against her in the total sum of $32,448.70, representing unpaid basic child support for the period from July 1, 2006, through July 12, 2012, plus interest, and (6) from a money judgment of the same court dated June 15, 2012, which, upon an order of the same court dated March 22, 2012, finding the defendant in civil contempt for failure to comply with an order of the same court dated August 15, 2007 (De Lizzo, Ct. Atty. Ref.), awarding the plaintiff counsel fees in the sum of $15,000 plus interest, is in favor of the plaintiff and against her in the sum of $21,265.48.

Ordered that the first order is affirmed insofar as appealed from; and it is further,

Ordered that the second and third orders and the judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience" (*Matter of O'Donnell v Goldenberg*, 68 AD3d 1000, 1000 [2009]; *see Vigo v 501 Second St. Holding Corp.*, 100 AD3d 870, 870 [2012]; *Matter of Imre v Johnson*, 54 AD3d 427, 427-428 [2008]). Here, the defendant failed to demonstrate that any determinations in the case were the result of bias (*see Chusid v Silvera*, 110 AD3d 662, 662 [2013]). Accordingly, the Supreme Court providently

exercised its discretion in declining to recuse itself (*see York v York*, 98 AD3d 1038, 1038 [2012], *affd* 22 NY3d 1051 [2014]; *DiSanto v DiSanto*, 29 AD3d 936, 936 [2006]).

Contrary to the defendant's contention, the money judgment dated June 15, 2012, was properly issued pursuant to the Supreme Court's order dated March 22, 2012, which found her in civil contempt of a prior order dated August 15, 2007, awarding the plaintiff counsel fees in the sum of $15,000 plus interest. "To prevail on a motion to punish for civil contempt, the movant must establish (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct" (*Coyle v Coyle*, 63 AD3d 657, 658 [2009]; *see Galanos v Galanos*, 46 AD3d 507, 508 [2007]; *Biggio v Biggio*, 41 AD3d 753, 753-754 [2007]; *Raphael v Raphael*, 20 AD3d 463, 463 [2005]). The movant has the burden of proving contempt by clear and convincing evidence (*see Galanos v Galanos*, 46 AD3d at 508). Here, where it is undisputed that the defendant did not comply with the clear mandate of the court's order dated August 15, 2007, the plaintiff met his burden on the motion (*see id.; Biggio v Biggio*, 41 AD3d at 754; *Raphael v Raphael*, 20 AD3d at 464). Moreover, under the circumstances of this case, less drastic enforcement measures than seeking to hold the defendant in contempt would have been ineffectual (*see* Domestic Relations Law § 245; *Tarone v Tarone*, 104 AD3d 760, 760 [2013]; *Lopez v Ajose*, 33 AD3d 976, 976 [2006]; *Haber v Haber*, 225 AD2d 664, 664-665 [1996]).

Upon review of the defendant's contentions regarding the two judgments dated August 9, 2012, entered with respect to child support arrears, we find no basis upon which to disturb those judgments.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in directing the defendant to make future filings by order to show cause (*see Matter of Simpson v Ptaszynska*, 41 AD3d 607, 608 [2007]).

The defendant's remaining contentions are either not properly before this Court or without merit. Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.