Matter of Bascombe v Wallace (2020 NY Slip Op 01342)





Matter of Bascombe v Wallace


2020 NY Slip Op 01342


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-09954
 (Docket No. V-30796-16)

[*1]In the Matter of Nzinga Bascombe, respondent,
v
Donavan Wallace, appellant.


Leighton M. Jackson, New York, NY, for appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Chai Park of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to article 6 of the Family Court Act, the father appeals from an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated August 6, 2018. The order, insofar as appealed from, directed the father to meet the mother at a New Jersey train station near his home with the child after his weekend parental access on Sundays between 5:00 p.m. and 6:30 p.m.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In this custody proceeding, the parties consented to an award of sole legal and physical custody to the mother, who lives in New York, with weekend parental access to the father, who, at the time, lived in New Jersey. However, the parties could not agree on where the child would be exchanged for the father's weekend parental access. The Family Court determined that the father would pick up the child every Friday from school at the end of the school day. On Sundays, the father was directed to meet the mother at a particular train station in New Jersey between 5:00 p.m. and 6:30 p.m., where the mother would pick up the child. During the pendency of this appeal, the father moved to New York, and the parties have made other pick-up arrangements. Accordingly, the instant appeal has been rendered academic (see People ex rel. A.E.F. v K.T.L, 40 AD3d 894, 895).
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court