| |
|---|
| **Wind Riv. Invs., LLC v Murphy** |
| 2024 NY Slip Op 31125(U) |
| April 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650698/2020 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. NANCY M. BANNON**       PART      **61M**

*Justice*

-----------------------------------------------------------------------------X

WIND RIVER INVESTMENTS, LLC

                Plaintiff,

      - v -

JOHN J. MURPHY,

              Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650698/2020 |
| MOTION DATE | 11/17/2023 |
| MOTION SEQ. NO. | 003 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 003) 37, 38, 39, 40, 41, 42, 43, 44, 45

were read on this motion to/for                    CONTEMPT             .

        In this action to enforce a foreign judgment, the court (Kennedy, J.), by an order dated April 21, 2020, granted the plaintiff's motion for summary judgment in lieu of a complaint against the defendant, John J. Murphy, and directed entry of judgment in favor of the plaintiff in the principal sum of $542,500, plus costs, disbursements and interest from March 22, 2019. On September 9, 2020, the New York County Clerk entered judgment for the plaintiff and against the defendant in the total sum of $614,887.95. The plaintiff served the judgment with notice of entry on the defendant on October 4, 2021. Murphy did not satisfy the judgment. On July 18, 2022, the plaintiff served the defendant with an information subpoena seeking, *inter alia*, documents and a deposition. The defendant failed to respond to the information subpoena.

        The plaintiff moved, *inter alia*, pursuant to CPLR 5223 and 2308(b) to compel compliance with the information subpoena (MOT SEQ 002). By an order dated December 1, 2022, this court granted the plaintiff's motion to the extent of directing the defendant to respond to the subpoena to the extent it seeks documents and a deposition within 60 days and denied the motion to the extent it sought costs or restraint of assets, without prejudice. The defendant was served a copy of the court's order on March 7, 2023, by "nail and mail" service per CPLR 308(4). The defendant failed to comply with the order.

**650698/2020   WIND RIVER INVESTMENTS, LLC vs. MURPHY, JR., JOHN J.**
**Motion No.  003**

**Page 1 of 4**

[* 1]

The plaintiff thereafter again moved, by order to show cause, to compel compliance with the subpoena and for an order of finding the defendant in contempt and directing that the defendant be imprisoned until he purges the contempt. In the alternative, the plaintiff sought an order again directing the defendant to comply and requiring him to pay the plaintiff's costs and expenses occasioned by his failure to comply plus a statutory fine of $250 (see Judiciary Law § 773). The court directed personal service on the defendant pursuant to the CLPR on or before October 18, 2023. The plaintiff submits an affidavit of service in which the process server states that, after two unsuccessful attempts at personal service at the defendant's residence, he completed personal service by "nail and mail" service on October 17, 2023. Opposition to the motion was due November 15, 2023. None was filed.

Under Judiciary Law § 753, a court of record "has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced." Judiciary Law § 753(A). To support a finding of civil contempt, the court must determine (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that it appears, with reasonable certainty, that the order has been disobeyed, (3) that the party to be held in contempt had knowledge of the order, and (4) there is demonstrated prejudice to the right of a party to the litigation. Matter of McCormick v Axelrod, 59 NY2d 574 (1983); see El-Dehdan v El-Dehdan, 26 NY3d 19 (2015); Bernard-Cadet v Gobin, 94 AD3d 1030 (2nd Dept. 2012). The burden is on the party moving for civil contempt to establish the foregoing elements by clear and convicting evidence. El-Dehdan v El-Dehdan, supra at 29; see Tener v Cremer, 89 AD3d 75 (1st Dept. 2011); Bernard-Cadet v Gobin, supra at 1031.

In support of its motion, the plaintiff submits, inter alia, the subject information subpoena, affidavits of service and an affirmation of its attorney, Alexander Mirkin, who attests that the defendant has not paid any portion of the judgment and argues that the defendant's failure to respond to the plaintiff's information subpoena defeated, impaired, and prejudiced the plaintiff's rights by frustrating its attempts to identify any assets against which to enforce the judgment. The court notes that no affidavit of someone from the plaintiff company with personal knowledge was submitted. In any event, the plaintiff's submissions tend to show that the defendant judgment debtor has failed to satisfy the judgment in whole or part, that he was duly served with

**650698/2020   WIND RIVER INVESTMENTS, LLC vs. MURPHY, JR., JOHN J.**                                    **Page 2 of 4**
**Motion No.  003**

[* 2]

the subpoena and court order and has continually failed to respond, and that the plaintiff's ability to locate the defendant's assets to enable it to collect on its judgment was impaired and prejudiced by the defendants' conduct. See CPLR 5251; Gryphon Domestic VI, LLC v APP Intl. Finance Co., 58 AD3d 498 (1st Dept. 2009); Farkas v Farkas, 209 AD2d 316 (1st Dept. 1994). By failing to appear or respond to this motion, the defendant raises no fact or argument to the contrary. See Yonamine v New York City Police Dept., 121 AD3d 598 (1st Dept. 2014); 1319 Third Ave. Realty Corp. v Chateaubriant Rest. Dev. Co., LLC, 57 AD3d 340 (1st Dept. 2008).

While the court does not grant the plaintiff's motion in full at this juncture, in light of the prior history of this matter, the plaintiff is entitled to recover from the defendant the attorney's fees and costs incurred on this motion, which was occasioned by the defendant's recalcitrance. In addition, barring a full satisfaction of the judgment prior to that time, the defendant is directed to comply in full with the information subpoena within 30 days.  Upon any failure to comply, the court will schedule a contempt hearing. In that regard, the defendant is cautioned that pursuant to CPLR 5223, any failure to comply with an information subpoena is governed by CPLR 2308(b), which, upon a finding of contempt,  allows the court to issue a warrant directed to the sheriff of the county where the person is, committing him to jail, there to remain until he [or she] submits to do the which he [or she] was so required to do or is discharged according to law." To be sure, upon a proper showing by the plaintiff at the contempt hearing, the warrant will issue should the defendant fail to appear.

Accordingly, upon the foregoing papers and this court's prior orders, it is

ORDERED that the motion of the plaintiff Wind River Investments, LLC  to, *inter alia*, compel compliance with the subpoena and for an order of finding the defendant, John J. Murphy Jr.,  in contempt and directing that the defendant be imprisoned until he purges the contempt, is granted to the extent that the defendant (1) shall pay the plaintiff's attorney's fees and costs for this motion upon any order so directing payment, and (2) unless he satisfies the judgment in full prior to that time, within 30 days of the date of service of this order with notice of entry,  the defendant  shall comply in full with the information subpoena dated July 18, 2022, and it is further

**650698/2020   WIND RIVER INVESTMENTS, LLC vs. MURPHY, JR., JOHN J.**
**Motion No.  003**

**Page 3 of 4**

3 of 4

[* 3]

ORDERED that upon any failure of the defendant to so comply, the plaintiff may submit an affirmation of non-compliance to the court and the court will schedule a contempt hearing, and the plaintiff's motion is otherwise denied without prejudice, and it is further

ORDERED that the plaintiff shall file supplemental papers to demonstrate the attorney's fees and costs incurred on this motion, within 30 days of the date of this order, and shall notify the Part 61 Clerk of any such filing, and it is further

ORDERED that the plaintiff shall serve a copy of this order with notice of entry, along with a courtesy copy of the underlying subpoena, upon the defendant by overnight mail service, certified mail and e-mail, if available, within 10 days of the date of this order.

This constitutes the Decision and Order of the court.

20240402102150NBANNOND0F45E1D939C471C86AF3B539EB99370

| 4/2/2024 | | | NANCY M. BANNON, J.S.C. | |
| :---: | :--- | :--- | :---: | :--- |
| **DATE** | | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| :--- | :---: | :--- | :---: | :--- | :---: |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650698/2020 WIND RIVER INVESTMENTS, LLC vs. MURPHY, JR., JOHN J.**
**Motion No. 003**

**Page 4 of 4**

4 of 4